UNITED STATES of America,
Plaintiff-Appellee,

v.

Eugene Ellsworth ELKINS,
Defendant-Appellant.

No. 85–5667.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1986.

Stewart G. Abrams, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Eileen O'Connor, Jeffrey B. Crockett, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL, Circuit Judge, and LYNNE *, Senior District Judge.

GODBOLD, Chief Judge:

This case demonstrates the difficulty a trial court can create for itself, and for a court on appeal, when it does not properly act on and record events that bear on compliance with the Speedy Trial Act. 18 U.S.C. § 3161 *et seq.*

Elkins pled guilty to a one court indictment charging him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(2). He reserved his right pursuant to Fed.R.Crim.P. 11(a)(2) to pursue his claim that he had not been tried in accordance with the Speedy Trial Act. That claim is the only issue on appeal. We affirm.

Elkins was arrested January 5, 1985. He was indicted January 15 and appeared before a U.S. magistrate one day later. Although he appeared with counsel, counsel informed the court that he was only appearing for the purpose of this hearing and did not know whether he would be retained permanently. He did indicate that he expected to become Elkins' permanent counsel within a week. The magistrate asked counsel to notify her about his status by January 24. On that day counsel, by telephone, informed the court that he no longer represented Elkins. He never filed a written notice of withdrawal nor did Elkins make any attempt to have the court secure substitute counsel.

No further action was taken on the case until March 27, 69 days after Elkins had appeared before the magistrate. On that day the district court appointed a federal public defender to represent Elkins. The public defender immediately informed the court that the speedy trial clock was about to run. The court noted that because counsel had only just been appointed, "[N]obody's done anything about getting ready for trial." In reviewing the preced-

ing events, the judge noted that implicit in the phone call to the magistrate on January 24 was "a motion for appointment of counsel on a permanent basis," but after this call the case "just jumped the track."

The prosecutor suggested that the court enter an order nunc pro tunc to exclude under the Speedy Trial Act some of the time that had already lapsed. The prosecutor believed that "if during the time where a case is still pending and Speedy Trial has not run, ... if at that point prior a court could have entered an order extending the time, that a court can still issue an order nunc pro tunc and that would serve to expand the time for Speedy Trial." The prosecutor claimed that this position was supported by a recent case from the Fourth Circuit. The district judge said that he would follow this suggestion and enter an order excluding time that had already lapsed, provided the prosecutor had represented accurately the position of the Fourth Circuit. No order was ever entered.

The court then turned to the matter of trying Elkins. Because Elkins was in jail, the court wished to try him as soon as possible. After asking the parties when they could be prepared, the judge indicated that he would give defense counsel 15 days to prepare for trial. Elkins' motion to dismiss on speedy trial grounds was denied.

The court did not set a trial date within 15 days of the March 27 hearing. Elkins next appearance before the court was June 19, at which time he entered his conditional guilty plea. The district judge again addressed the speedy trial problems that existed in this case. He noted that although he had granted a continuance for only 15 days, trial was not scheduled until April 29, 33 days after the March 27 hearing. The judge said that he remembered that there was some reason for this delay but he was unable to recall exactly what it was.

---

* Honorable Seybourn H. Lynne, Senior U.S. District Judge from the Northern District of Ala-

bama, sitting by designation.

The trial did not take place April 29 as scheduled because the court granted defense counsel's motion for continuance. This motion, filed April 24, was based on the fact that defense counsel was out of town. The prosecutor concurred in this motion because he was going to be out of town between April 29 and May 3. On May 15 defense counsel again made a motion to dismiss the indictment based on the Speedy Trial Act. On June 14 the court issued an order excluding from Speedy Trial Act calculations all time between the March 27 hearing and the date of trial because it found "the ends of justice outweigh the defendant's and the public's right to a speedy trial, in light of the fact that the defendant's attorney must have time to prepare for trial." On June 19, the date Elkins pled guilty, the court dismissed the May 15 motion, stating that although the paper record indicated that the case should be dismissed, it would not do so because all parties had made a bona fide effort to have the case tried as soon as possible.

## DISCUSSION

The Speedy Trial Act provides that a defendant's trial begin within 70 days "of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Elkins was indicted January 15 and appeared before a magistrate January 16. Accordingly, Elkins had a right to be brought to trial within 70 days of January 16. Elkins was not tried until June 15, 155 days after his appearance before the magistrate. We examine the events that occurred between Elkins' appearance before the magistrate and his guilty plea to determine how much time, if any, is excludable.

■ January 16 is excludable. *See U.S. v. Severdija*, 723 F.2d 791, 793 (11th Cir.1984) (day that triggers running of speedy trial time limits excluded from the 70-day period). The seven days from January 16 to January 24, the date that Elkins' initial counsel informed the court that he

would not be representing him, are not excludable. The next period is between January 24 and March 27. At the March 27 hearing the district court indicated that he would enter an order nunc pro tunc excluding this entire period of time, provided that the prosecutor supply him with authority approving the issuance of such order. The court never indicated which provisions of the Speedy Trial Act it would rely on in entering the contemplated order. Only the ends-of-justice exclusion, discussed *infra*, provides any plausible basis for such an order. A court-ordered continuance is a necessary prerequisite to exclusion under this subsection. See § 3161(h)(8)(A). No order was ever entered. The district court's indication that it might have issued an order excluding all time from January 24 to March 27 does not toll the speedy trial clock.

■ This does not mean that this entire period should be counted. The district court noted that the January 24 telephone call to the court informing it that Elkins was not represented was in effect a motion for appointment of counsel. We agree. At that point the court knew that Elkins was without counsel and needed counsel and it had yet to inquire whether he was indigent. After counsel's telephone call, the court should have moved promptly to decide this motion. It did not. No appointment was made for two months.

■ Section 3161(h)(1)(F) governs the handling of this period. It excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). The mechanics of this exclusion have been explored recently by the Supreme Court in *Henderson v. U.S.*, — U.S. —, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). There the Court held that if a hearing was held on the pretrial motion, all time from submission of the motion to the court's ruling on it is excluded regardless of whether the court's ruling was prompt. If a motion is decided without a hearing, on the other hand, the statute demands that

the disposition be prompt. In defining promptness, the court found guidance in § 3161(h)(1)(J), which excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." The Court held that once a matter that does not require a hearing is taken under advisement, the excludable period cannot exceed 30 days. Thus, in determining the amount of time excludable under § 3161(h)(1)(F) for a motion decided without a hearing, a court must add two periods. The first is the time between the filing of the motion and the court's taking this motion under advisement. The second is the time between the court's taking the motion under advisement and its disposition of the motion. This second period is limited to 30 days.

■ Here, the motion for appointment of counsel was made January 24. There is no indication whether the court took this motion under advisement at that time or whether it needed additional information before appointing counsel. For the purposes of this case, we will assume that the court immediately took the matter under advisement after the January 24 telephone call. The court's ruling on this motion was not prompt as it came over 30 days after January 24. Accordingly, only 30 days between January 24 and March 27 are excludable.

■ That the district court did not enter an order excluding this period is irrelevant. When Congress wanted the district court to make specific findings as to excludability, it did so explicitly. See § 3161(h)(8)(A) (delay resulting from continuance would serve the ends of justice). Because § 3161(h)(1)(F) does not contain such language, its provisions automatically exclude the specific time. Thus, between January 24 and March 27, 33 days are not excludable. By March 27, 40 days had run on the speedy trial clock.

■ We now turn to the period between the March 27 hearing and the day Elkins pleaded guilty. On June 14 the district court entered an order excluding all the time between the March 27 hearing and the date of trial from speedy trial calculations. It rested this order on § 3161(h)(8)(A). This section excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A). Continuances granted under this subsection have come to be known as "ends-of-justice" continuances. The district court set out in writing that it believed that "the ends of justice outweigh the defendant's and public's right to a speedy trial, in light of the fact that the defendant's attorney must have time to prepare for trial." This order does not render the entire period between March 27 and June 19 excludable. By its terms § 3161(h)(8)(A) applies only to continuances. The record reflects only two continuances: one from March 27 to April 11 to allow the defense counsel to prepare for trial and one, whose length is not reflected in the record, caused by attorney unavailability. Thus, the court's order can only exclude time falling within these periods.

■ That the district court entered written findings does not automatically exclude all time covered by these two continuances. The first sentence of § 3161(h)(8)(A) states that the period of delay will be excludable only "if the judge granted such continuance on the basis of

his findings...." This sentence obviously contemplates that the judge make the requisite findings when he granted the continuance. *See U.S. v. Tunnessen,* 763 F.2d 74, 77 (2d Cir.1985) ("Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive."); *U.S. v. Frey,* 735 F.2d 350, 352 (9th Cir.1984) ("[M]aking the required findings nunc pro tunc ... cannot bring [a defendant's] case within section 3161(h)(8)(A)."); *U.S. v. Brooks,* 697 F.2d 517, 522 (3d Cir. 1982) ("[A] judge could not grant an 'ends of justice' continuance nunc pro tunc, providing after the fact justification for unauthorized delays."), *cert. denied,* 460 U.S. 1071, 103 S.Ct. 1526, 75 L.Ed.2d 949 (1983). Although the court need not enunciate its findings when it grants the continuance, there must be sufficient evidence in the record indicating that it did consider the factors identified by the statute when it granted the continuance. *See U.S. v. Bryant,* 726 F.2d 510, 511 (9th Cir.1984) ("[S]imultaneous findings [are] unnecessary so long as the trial court later shows that the delay was motivated by proper considerations."). Thus, the June 14 order can exclude only the periods within the two continuances if there is evidence that the court considered the ends-of-justice when the continuance was granted.

■ The first continuance ran from March 27 until April 11, 15 days later. This period was properly excluded. At the March 27 hearing the district court noted that because of the confusion over the appointment of defense counsel trial could not proceed on that day. To allow counsel adequate time to prepare it granted a 15-day continuance. The court's contemporaneous statements clearly indicate that it considered the factors required by

§ 3161(h)(8)(A). Although these factors may have justified the court in granting a longer continuance, it is clear from the record that this continuance was intended to be limited to 15 days. Thus, the ends-of-justice exclusion order of June 14 is valid to the extent that it excludes this period of time. Therefore, as of April 12, 40 days had elapsed under the Speedy Trial Act.

■ The next continuance was granted after the prosecution and defense filed a joint motion for continuance on April 24 on the grounds of unavailability. Nothing in the record suggests that the 12 days between the first continuance and this motion is excludable. Accordingly, as of April 24, 52 days had ticked off the clock.[1]

This brings us to the second continuance. The April 24 motion stated that the attorneys would be unavailable until May 3. The record contains no order granting this motion. The record does, however, reveal that it must have been granted. Prior to this motion, trial had been set for April 29. Because no trial occurred on that date, the inescapable conclusion is that the motion was granted. Further because the motion recites the unavailability of both the defense and prosecution counsel, it is reasonable to conclude that the motion was granted on these grounds. This contemporaneous consideration satisfies the requirements of § 3161(h)(8)(A).

■ Because the actual continuance does not appear in the record, the question is how much time is excludable pursuant to this continuance. The district court did not abuse its discretion in ordering an ends-of-justice continuance from April 24 to May 3.[2] There is nothing in the record indicating that the district court intended the continuance to extend past May 3.[3] Thus, only

---

1. April 24 is not includable in this period. *See U.S. v. Yunis,* 723 F.2d 795, 797 (11th Cir.1984) ("In calculating includable time, both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded.").

2. The record does not indicate when the continuance was granted. Any period between April

24 and the ruling on the motion is excludable under § 3161(h)(1)(J).

3. This is not to say that in fact the court could have only granted a continuance until May 3. There may well have been reasons justifying a longer continuance. Indeed, statements at the June 19 hearing at which the court accepted Elkins' guilty plea indicate that the parties' continuing unavailability delayed the trial past May

the period between April 24 and May 3 is excludable.

The next relevant event is Elkins' May 15 filing of a motion to dismiss the indictment. No time between May 3 and this date is excludable. Thus, by May 15, 63 days had elapsed.

The final period to be examined is from May 15 to June 19, the date on which Elkins' motion to dismiss the indictment was denied and he entered his guilty plea. This period of time cannot be excluded under the June 14 order because there is no evidence in the record indicating that the district court considered the ends of justice in granting a continuance covering this period. Section 3161(h)(1)(F), however, covers this period. As discussed above, this section excludes all time between the filing of a motion and the prompt disposition of that motion. When this motion was filed the court had all the information it needed to rule on it. It failed to make a prompt ruling. Thus, only 30 days can be excluded because of this motion. Thus, the period from May 15 up to and including June 13 is excludable. By June 13, 63 days had run.

On June 14, the district court filed its order excluding all time between the March 27 hearing and the date of trial. We have already discussed the effect of this order on preceding events. We need not decide whether this order acts as a separate ends-of-justice continuance and if so whether the district court abused its discretion in granting it because even if all time between this order and Elkins' trial date is includable, only 68 days elapsed under the Act since the January 16 appearance.

AFFIRMED.

---

3. See Trans. of June 19 hearing 12–13 (clerk of court states, "I could never hook you two together to get you in to set a date."). There is no evidence, however, of the district court's considering this additional reason for delay when this reason surfaced. The Act only excludes time resulting from a continuance that the judge determined would serve the ends of justice. It does not exclude time based on determinations that could have been made but were not.