UNITED STATES of America,
Plaintiff-Appellee,

v.

Glenn G. GOETZ, Defendant-Appellant.

No. 86–8222.

United States Court of Appeals,
Eleventh Circuit.

Sept. 8, 1987.

Jeffrey L. Shrom, Missoula, Mont., for defendant-appellant.

W. Louis Sands, Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

Before HILL and JOHNSON, Circuit Judges, and HENLEY*, Senior Circuit Judge.

PER CURIAM:

Appellant Glen Goetz was tried by a jury and convicted of seven counts of willful failure to file a federal income tax return, in violation of 26 U.S.C. § 7203. Goetz raises four issues in this direct appeal, the most important of which being whether an extension and subsequent continuance obtained by the government violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* We reject all of appellant's claims, and affirm the judgment of the district court.

## I. BACKGROUND

Goetz was charged in two separate indictments with seven counts of violating 26 U.S.C. § 7203. The first indictment, number 83–13–MAC, alleged that he and a codefendant willfully failed to file tax returns for the years 1977 and 1978. Goetz was originally tried and convicted on indictment 83–13–MAC in August of 1983, but that conviction was overturned on appeal to this court. *United States v. Goetz*, 746 F.2d 705 (11th Cir.1984).

This court's mandate ordering a new trial on indictment 83–13–MAC was filed in the district court on January 16, 1985. On March 26, 1985, the government moved ex parte and under seal to extend the period for retrial to 180 days from the filing of the mandate, as provided in 18 U.S.C. § 3161(e). The district court granted the government's motion, thus effectively requiring that the government commence Goetz' retrial on or before July 15, 1985.

On June 20, 1985, the district judge before whom this action was originally tried made an intra-district transfer of the case to another district judge. Shortly there-

after, on June 24, the United States Attorney wrote a letter to the district court noting the approaching time limitation for retrial and indicating his willingness to accommodate the court's schedule in setting a retrial date. The letter also mentioned that he had unsuccessfully tried to contact Kenneth Musgrove, Goetz' counsel of record at the time, regarding this matter. The U.S. Attorney sent a copy of this letter to Musgrove. Two days later, the government attorney wrote directly to Musgrove inquiring whether he still represented Goetz, and if so, asking him to contact the district judge regarding a date for retrial. On July 2, the U.S. Attorney finally contacted Musgrove by telephone and learned that he no longer represented Goetz.

After discovering that Goetz was without counsel, the government moved on July 5 for a continuance and the exclusion of 80 days in order to allow Goetz the opportunity to obtain counsel or have counsel appointed, and to give new counsel a reasonable time to prepare for trial. Goetz filed a pro se motion in opposition to the requested continuance, and also moved to dismiss indictment 83–13–MAC for alleged violation of the Speedy Trial Act. On July 15, the district court granted the government's motion for a continuance and excluded 80 days pursuant to 18 U.S.C. § 3161(h)(8), making the express finding that the ends of justice served by granting the continuance outweighed the interest of the public and the defendant in a speedy trial.[1] The district court also ordered Goetz to appear at a hearing one month later to inform the court of his counsel status. At the August 15 hearing, Goetz indicated that he still had not retained an attorney, and he requested that the court appoint attorney Jeffrey Shrom of Missoula, Montana to represent him. The district court agreed to appoint Shrom, provided that the attorney formally request the court to do so and with the understanding that the government would not be required to pay his travel expenses.

---

* Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. Goetz appealed the district court's July 15 order to this court, but the appeal was dismissed for lack of jurisdiction on September 27, 1985.

On September 27, 1985, the government filed a second indictment, number 85–28–MAC, charging Goetz with five more counts of failure to file a tax return covering the years 1979–83. Goetz later filed a motion to dismiss both indictments on the ground that the court did not have jurisdiction over criminal violations of the Internal Revenue Code. The district court denied this motion and consolidated the two indictments for trial. On January 29, 1986, the district court ordered the clerk to draw a petit panel of jurors for trial on February 24, 1986. A copy of this order was publicly posted on January 30, and the panel was drawn in open court on February 7. Goetz filed a motion challenging the selection of jurors on February 24, immediately prior to the commencement of voir dire. The court dismissed this motion because Goetz failed to comply with the requirements of 28 U.S.C. § 1867, which govern challenges to jury selection procedures. The trial began on February 25, and the next day the jury returned a verdict of guilty on all counts. This appeal followed.

## II. SPEEDY TRIAL ACT CLAIM

■ Goetz' primary contention on appeal is that the March 26 extension and the July 15 continuance granted by the district court violated the Speedy Trial Act. Section 3161(e) of the Act provides in pertinent part:

If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from the passage of time shall make trial within seventy days impractical.

This section also provides that the exclusion provisions of section 3161(h) apply in computing the time within which retrial must commence. We note that the district court has broad discretion in deciding whether to grant an extension or a continuance under the Speedy Trial Act. *United States v. Norton*, 755 F.2d 1428, 1429 (11th Cir.1985). To prevail on a claim that the district court erred in granting or denying an extension or continuance under the Act, appellant must show an abuse of discretion which resulted in specific, substantial prejudice. *United States v. Bergouignan*, 764 F.2d 1503, 1508 (11th Cir.1985); *United States v. Smith*, 757 F.2d 1161, 1166 (11th Cir.1985).

■ The mandate from this court requiring that Goetz be retried was filed in the district court on January 16, 1985; hence the original 70 day period for retrial extended through March 27, 1985.[2] Section 3161(e) expressly provides, however, that the trial court may extend the period for retrial for up to 180 days, or 110 days beyond the original 70 day limit. The district court in this case granted such an extension based upon the government's motion filed on March 26, 1985, prior to the expiration of the original 70 days. Because the government filed its motion within the initial time limit provided in section 3161(e), Goetz cannot complain that this extension violated the express terms of the Speedy Trial Act.

Goetz argues that the extension was improperly granted because the government made its motion under seal and ex parte, giving him no notice or opportunity to respond. The ex parte nature of the extension by itself, however, does not constitute reversible error. *See United States v. Bourne*, 743 F.2d 1026, 1031 (4th Cir.1984) (ex parte continuance granted due to unavailability of essential witness not reversible error "simply because defense counsel could not object and try to argue that the witness was not essential"). In this case, the government and the district court had

---

**2.** January 16, the day that triggered the running of the speedy trial time limits, is excluded from the 70–day calculation. *United States v. Elkins*, 795 F.2d 919, 922 (11th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986); *United States v. Severdija*, 723 F.2d 791, 793 (11th Cir.1984).

good reason to proceed ex parte and without notice to the defendant. During the running of the original 70 days, the U.S. Attorney, with the approval of the Department of Justice, was engaged in an extended investigation of Goetz and his codefendant regarding tax code violations during the five years subsequent to the period covered by the original indictment. This continuing investigation into similar and related tax code violations by the same defendants was a sufficient basis upon which to grant the government's ex parte motion for an extension of time as expressly provided for in the statute. *Cf. United States v. Golomb,* 754 F.2d 86, 88 (2d Cir. 1985) (district court properly granted continuance to allow completion of grand jury investigation into complex transactions); *United States v. Ruggiero,* 726 F.2d 913, 925 (2d Cir.) (same), *cert. denied,* 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 60 (1984). Therefore, we hold that the district court did not abuse its discretion in granting the March 26 extension.

■ Goetz also objects to the 80 day continuance granted on July 15, 1985. He argues that the government was dilatory in preparing for retrial and sought the continuance merely for its own convenience. This argument, however, ignores the important and undisputed fact that Goetz was not represented by counsel at the time the government sought to make arrangements for the retrial, which it attempted to do well before the statutory 180 days expired on July 15.

Shortly after the U.S. Attorney became aware that the case had been transferred to another district judge, he attempted to contact Goetz' attorney of record in order to arrange for a retrial date. Not until July 2 did the government learn that Musgrove, Goetz' original counsel, no longer represented the defendant. Upon discovering that Goetz was without counsel, the government promptly moved for a continuance on July 5 to allow Goetz to obtain counsel or have the court appoint counsel for him, and to give his new counsel a reasonable opportunity to prepare for trial. Section 3161(h)(8)(B)(iv) mandates that the time occasioned by a continuance granted so that the defendant may seek counsel is properly excludable from the statutory calculation. *United States v. Studnicka,* 777 F.2d 652, 659 (11th Cir.1985); *see also United States v. Elkins,* 795 F.2d 919, 924 (11th Cir.) (upheld continuance granted due to confusion over appointment of defense counsel and to allow counsel adequate time to prepare for trial), *cert. denied,* — U.S. —, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986).[3] The district court in this case explicitly relied on this subsection and made the required finding that the ends of justice served by granting the continuance outweighed the interest of the public and the defendant in a speedy trial. The facts in the record support the trial court's finding that this continuance was necessary in light of the defendant's lack of counsel during this crucial time period.

Clearly, the district court was not required to choose between dismissing the charges on July 15 or forcing Goetz to trial either without counsel or without allowing new counsel reasonable time to prepare.[4] We further note that Goetz himself exhibited no particular enthusiasm to proceed with the retrial. He must have been

---

**3.** The relevant portion of section 3161(h)(8) reads as follows:

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> .    .    .    .    .
>
> (iv) Whether the failure to grant such a continuance ... would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for

the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

**4.** Section 316(h)(8)(B)(i) mandates that the trial judge shall consider whether the failure to grant the requested continuance "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Because either of the options discussed above would likely have resulted in a fundamental miscarriage of justice, this subsection also provides support for the district court's decision to grant the continuance.

aware, long before the government, at least of the possibility that his original counsel would no longer be representing him; yet he made no effort prior to the expiration of the statutory 180–day period to obtain new counsel or have the court appoint counsel for him. Indeed, by the August 15 hearing Goetz still had not retained new counsel himself or asked the court to appoint counsel, even though he obviously had a particular attorney in mind (who the court eventually appointed). We refuse to allow Goetz to "creat[e] ambiguities concerning his representation and then attempt to reap the benefits of a Speedy Trial Act violation." *United States v. Studnicka,* 777 F.2d at 659 (11th Cir.1985). We therefore hold that the district court properly exercised its discretion in granting the July 15 continuance.[5]

### III. REMAINING CLAIMS

Goetz further argues that the indictments against him should have been dismissed because the jury panel did not represent a cross-section of the judicial district. Specifically, he claims that the jury panel in his case included no farmers or farming-related persons, nor did it include any residents from several predominantly rural counties in the district. This claim fails on two grounds. First, Goetz' motion in the district court was untimely under 28 U.S.C. § 1867(a), which provides that a defendant may move to dismiss an indictment for failure to comply with jury selection procedures either "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." The record shows that the 40–member jury panel was drawn in open court on February 7, 1986, but Goetz did not file his motion

until February 24, seventeen days after he could have discovered the geographic and occupational makeup of the panel. Moreover, Goetz' motion contained only conclusory allegations of discrimination, unsupported by a sworn statement of specific facts as required by section 1867(d). Because Goetz completely failed to comply with the requirements of section 1867, the district court properly denied his motion without a hearing.

In addition, Goetz argues that the district court erred in failing to charge the jury with his requested "advice of counsel" instruction.[6] The record reveals, however, that Goetz made no request for such an instruction at any time prior to trial or during trial, but only after the trial judge had already charged the jury. Further, Goetz never filed a written request for instructions as required by Fed.R.Crim.P. 30. His oral request merely referred to "the advice of an attorney as a defense," and therefore was not specific enough to provide a sufficient basis for claiming error on appeal. Nevertheless, we find that the trial court's charge taken as a whole adequately instructed the jury regarding Goetz' reliance defense; thus, there was no plain error.

Finally, Goetz argues that United States district courts do not have jurisdiction over crimes enumerated in the Internal Revenue Code, and therefore the trial court improperly denied his motion to dismiss the indictments for lack of jurisdiction. This claim is patently frivolous, as this court previously noted in *United States v. Evans,* 717 F.2d 1334, 1334 (11th Cir.1983).

For the foregoing reasons, the judgement of the district court is AFFIRMED.

---

5. Goetz' only motion to dismiss which relied on Speedy Trial Act grounds related to the government's failure to commence the retrial on or before July 15, 1985. Prior to trial, he made no other motions to dismiss based on alleged violations of the Act. Thus, Goetz has waived any other violations he might have alleged which occurred after the granting of the July 15 continuance. *See* 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to

trial ... shall constitute a waiver of the right to dismissal under this section.").

6. This requested instruction related to the testimony of defense witness Parham, a tax lawyer, who testified that he advised Goetz that Goetz was not required to give the IRS any information while he was the subject of an IRS investigation.