**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Otis VASSER, Jr., Leon Page,
Defendants–Appellants.**

No. 89–7327.

United States Court of Appeals,
Eleventh Circuit.

Nov. 2, 1990.

Oscar W. Adams, III, Birmingham, Ala., for Vasser.

John A. Bivens, Tuscaloosa, Ala., for Page.

Frank W. Donaldson, U.S. Atty. and Bill Barnett, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

Otis Vasser and Leon Page were convicted of multiple counts of conspiracy to import and distribute cocaine and importation and distribution of cocaine. They assert that their trial violated the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, because the district court improperly excluded from the speedy trial period delays caused by continuances it granted to the government. We affirm.

## FACTS

Beginning in 1986 Vasser and Page brought large quantities of cocaine into the United States from the Bahamas using a number of women as couriers. Two couriers, Pamela Weatherspoon and Anita Burns, were arrested while attempting to leave the Bahamas with cocaine in their possession. They were subsequently convicted and imprisoned in the Bahamas.

On September 30, 1988 Vasser, Page and three of their female couriers were indicted on multiple counts relating to the cocaine smuggling conspiracy. Page was arraigned on October 20, 1988, Vasser on October 26. On October 25 Hubbard, one of the co-defendants, filed a "motion for a fair trial," which the court denied on November 18. On November 19 co-defendant Christian filed a motion to dismiss the indictment. That motion was rendered moot on November 28 when the three couriers pleaded guilty to the charges against them.

On December 5 the events that give rise to the central issue in this appeal took place. Trial of Vasser and Page was scheduled to begin that day. Page had previously indicated that he intended to plead guilty and testify against Vasser, so he had instructed his attorney not to prepare a defense on his behalf. Just before the trial was scheduled to begin Page informed the court that he no longer wanted to plead guilty. It soon became apparent that Benjamin Starks, Vasser's attorney, had visited Page the night before and discussed the possibility of Starks replacing Page's appointed counsel and representing Page at trial. The government accused Starks of intimidating Page into changing his plan to plead guilty and testify against Vasser. Starks was appearing *pro hac vice.*

The district court met with counsel in an attempt to resolve this matter. The court announced that it was continuing the case generally until some time in January. On January 3, 1989 the court entered an order explaining that it had granted the continuance to permit an investigation of Starks' conduct and scheduling a hearing to determine his *pro hac vice* status.[1]

---

1. The hearing never took place because Starks withdrew from the case before the hearing.

Vasser moved for a scientific examination on February 13 but withdrew the motion on February 27. On March 17 the government moved for a continuance so that it could secure the presence at trial of Burns and Weatherspoon, the co-conspirators imprisoned in the Bahamas. The court granted the continuance on March 20. Both defendants moved to dismiss the indictments against them on Speedy Trial Act grounds on April 3 and again on April 7. The district court denied all of the motions to dismiss.

Vasser's and Page's trial commenced April 10. The jury found both defendants guilty on all counts, and the court sentenced Vasser and Page to 25 and 10 years imprisonment, respectively.[2]

## DISCUSSION

A defendant's trial must begin within 70 days "of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In a case involving multiple defendants the speedy trial period begins when the last co-defendant is indicted or arraigned. § 3161(h)(7); *See also Henderson v. United States*, 476 U.S. 321, 323, n. 2, 106 S.Ct. 1871, 1873, n. 2, 90 L.Ed.2d 299 (1986).

Vasser was arraigned October 26, 1988, so the speedy trial clock began to run for both defendants on that day. Their trial did not begin until April 10, 1989, more than 70 days later.

■ October 26 is excludable. *See United States v. Severdija*, 723 F.2d 791, 793 (11th Cir.1984) (day that triggers running of speedy trial time limits excluded from 70–day period). Delay resulting from any pretrial motion is also excludable. § 3161(h)(1)(F). This exclusion tolls the speedy trial clock from the day the motion is filed until the hearing on, or other disposition of, the motion. *Id.* A motion relating to one defendant tolls the speedy trial

clock for all co-defendants. § 3161(h)(7); *United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir.1983).

■ As a result the entire period between Vasser's arraignment and the co-defendants' guilty pleas on November 28 was excludable. Hubbard's "fair trial motion" created excludable time for all co-defendants from its filing on October 27 (the day after Vasser's arraignment) until it was denied on November 18. Christian's motion to dismiss the indictment continued the period of excludable days until November 27, the day before her guilty plea rendered her motion moot. § 3161(h)(1)(J) (30–day exclusion for matters taken under advisement by the court). Thus no time ran on the speedy trial clock before November 27.

## DECEMBER 5 CONTINUANCE

■ Eight days ran between November 27 and December 5, when the dispute erupted over attorney Starks' visit with Page. In an attempt to resolve this dispute the court continued the case until Starks withdrew as Vasser's counsel on January 24, 1989. The parties contest whether this continuance created excludable time under the Act. The court granted the continuance under the "ends of justice" provision, § 3161(h)(8)(A), which excludes:

[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continu-

---

2. Vasser and Page contend that the sentences they received were excessive. These conten-

tions are without merit.

ance outweigh the best interests of the public and the defendant in a speedy trial.

§ 3161(h)(8)(A).

■ Vasser and Page contend that the December 5 continuance did not create excludable time because the court did not make the "ends of justice" determination and findings required by § 3161(h)(8)(A). We review a district court's decision to grant or deny a continuance under the Act for abuse of discretion. *United States v. Goetz*, 826 F.2d 1025, 1027 (11th Cir.1987). The court did not abuse its discretion by granting the continuance, and it complied with the requirements of § 3161(h)(8)(A).

■ A period of delay is excludable under the ends of justice provision only "if the judge granted such continuance on the basis of his findings...." § 3161(h)(8)(A). The court must make the requisite findings when it grants the continuance, *United States v. Elkins*, 795 F.2d 919, 923 (11th Cir.), *cert. denied*, 479 U.S. 952, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986); *United States v. Tunnessen*, 763 F.2d 74, 77 (2nd Cir. 1985), but the court need not enunciate its findings when it grants the continuance so long as there is sufficient evidence in the record indicating that it considered the factors identified in the statute when it granted the continuance. *See Elkins* at 924; *United States v. Bryant*, 726 F.2d 510, 511 (9th Cir.1984) (per curiam).

The record indicates that the court considered the requisite factors when it granted the December 5 continuance. It granted the continuance after an in-chambers hearing called in response to Page's change of heart regarding his intention to plead guilty and testify against Vasser. The court then knew that Page had previously instructed his counsel not to prepare a defense on his behalf and that Page would have been greatly prejudiced if he had been forced to go to trial immediately.[3] The court was also aware of charges of serious misconduct against Sparks. The record clearly indicates that the court made the required determination that the ends of justice would be served by granting a continuance. It was not an abuse of discretion to do so.

The continuance served to exclude the entire 51-day period from December 5 until Starks withdrew on January 25, 1989. There is no fixed limit to the amount of time that may be excluded under the ends of justice provision. The provision excludes "*any* period of delay resulting from a continuance...." § 3161(h)(8)(A) (emphasis added). Other provisions of the Act that are subject to limitations on the amount of time that they exclude specifically state that limitation. *See* § 3161(h)(1)(J) (excludable delay attributable to matters taken under advisement not to exceed 30 days); *See also* § 3161(h)(9) (one year limit on excludable delay caused by efforts to obtain evidence from abroad).[4]

## DEFENSE MOTION

■ Eighteen days ran from the speedy trial clock between January 25 and February 13, when Vasser filed a motion for scientific examination. Combined with the eight days that had run earlier, this made for a total of 26 non-excludable days. Vasser's motion tolled the clock until he withdrew the motion on February 27. Seventeen additional non-excludable days ran between February 28 and March 17, when the government moved for a continuance based on § 3161(h)(3)(A), which excludes delays resulting from the unavailability of an essential witness.

## MARCH 20 CONTINUANCE

■ On March 20 the court granted the government a continuance until April 10,

---

3. Among the factors that the Act requires a court to consider when deciding whether to grant a continuance is "whether failure to grant such a continuance in the proceeding would be likely to ... result in a miscarriage of justice." § 3161(h)(8)(B)(i).

4. Other courts have granted lengthy continuances under the ends of justice provision. *See United States v. Ditammaso*, 817 F.2d 201, 210 (2nd Cir.1987) (seven week delay excludable); *United States v. Savoca*, 739 F.2d 220, 223 (6th Cir.1984) (six month delay excludable).

the date on which trial began.[5] Vasser and Page contend that the district court erred by excluding the delay caused by the continuance that it granted to the government to obtain the presence at trial of Burns and Weatherspoon, the couriers imprisoned in the Bahamas. They say that the court ignored § 3161(h)(8)(C), which provides that a court may not grant an ends of justice continuance because of "failure to obtain available witnesses on the part of the attorney for the government." § 3161(h)(8)(C).

Their argument consists of two parts. First, they say that Burns and Weatherspoon could not have been essential witnesses because the government had been willing to go to trial without them on December 5, the original trial date. Second, they say that § 3161(h)(8)(C) precludes exclusion of the delay because the government was not diligent in obtaining Burns and Weatherspoon from the Bahamas. Neither argument is convincing.

▮ Accomplices whose anticipated testimony is the only evidence of specific counts of an indictment are "essential witnesses" for purposes of the Act, even if the government could convict the defendant on some counts without those witnesses' testimony. *See United States v. Marrero*, 705 F.2d 652, 656 (2nd Cir.1983). The government was willing to go to trial on December 5 without Burns and Weatherspoon because it was counting on Page's testimony to convict Vasser of the conspiracy counts. After Page decided not to testify against Vasser, the couriers' testimony became essential to convicting Vasser of the conspiracy counts. The court also found that government counsel took reasonable steps to negotiate with the Bahamian government to obtain the presence of the witnesses. This finding was supported by sufficient evidence.

AFFIRMED.

---

**5.** A total of 43 non-excludable days ran on the speedy trial clock before the trial began. Therefore, the defendants' trial did not violate the Act.