[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2005
THOMAS K. KAHN
CLERK

No. 05-12064
Non-Argument Calendar
_____

D. C. Docket No. 03-00030-CR-005-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON WELLS,
CURTIS BERNARD HILL,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(December 22, 2005)

Before ANDERSON, BIRCH  and CARNES, Circuit Judges.

PER CURIAM:

Jason Wells and Curtis Bernard Hill were tried by a jury as co-defendants

for their involvement in a conspiracy to possess cocaine with the intent to distribute. Wells appeals his conviction for conspiracy to possess with the intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. Hill appeals his conviction for multiple counts of aiding and abetting the distribution of both crack cocaine and cocaine, as well as conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(B)(iii), and 846. Wells challenges the sufficiency of the evidence supporting his conspiracy conviction, while Hill argues that his constitutional and statutory rights to a speedy trial were violated.

We affirm the convictions.

## I.

Wells contends that the evidence was insufficient to support his conspiracy conviction. We review such a challenge to the sufficiency of evidence de novo. United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005). We examine the evidence in the light most favorable to the government and will not disturb the guilty verdict unless, "given the evidence in the record, no trier of fact could have found guilt beyond a reasonable doubt." Id. (quotation omitted). We are "bound by the jury's credibility determinations, and by its rejection of the inferences raised by the defendant." United States v. Peters, 403 F.3d 1263, 1268 (11th Cir. 2005).

"To sustain a conspiracy conviction, we must conclude that a reasonable factfinder could determine that (1) an agreement existed among two or more persons; (2) that the defendant knew of the general purpose of the agreement; and (3) that the defendant knowingly and voluntarily participated in the agreement." United States v. High, 117 F.3d 464, 468 (11th Cir. 1997). A reasonable factfinder may infer the existence of a conspiracy from the surrounding circumstances. Id. Thus, circumstantial evidence may be used to prove a conspiracy, but the government must show circumstances "from which a jury could infer beyond a reasonable doubt that there was a meeting of the minds to commit an unlawful act." United States v. Chandler, 388 F.3d 796, 806 (11th Cir. 2004) (quotation omitted). "A defendant may be convicted of conspiracy even if he entered the conspiracy after its inception, did not know all the details of the conspiracy, and played only a minor role; the defendant need only have known the essential purpose of the conspiracy and have acted to further it." United States v. Catchings, 922 F.2d 777, 781 (11th Cir. 1991), cert. denied, 499 U.S. 980, 111 S. Ct. 1633 (1991).

We conclude that the evidence, viewed in the light most favorable to the government, supports a reasonable inference of guilt. The government's informant, Thornton, testified to the following facts. He made a controlled

3

purchase of crack cocaine at Hill's mobile home on June 3, 2002. On that day,

Wells answered the door and, when Thornton asked to purchase a cookie of crack

cocaine[1], Wells called for Hill. Hill yelled something back, at which point Wells

went to the back of the trailer and returned with a cookie of crack cocaine.

Thornton then paid $500 to Wells and left. In addition to Thornton's testimony,

the jury also heard the audio recording of this transaction and Wells' voice was

heard on that tape. This evidence permits a reasonable inference that Wells, by

handing the crack to Thornton and accepting the money, was aware that crack

cocaine was being sold at Hill's trailer and agreed to participate in the sale.

Wells was also present during the June 12, 2002 controlled purchase, but did

not participate directly in that transaction. Hill's neighbor testified that he saw

Wells a couple of times walking up and down the path between Hill's trailer and

the shed where the crack cocaine was kept. Finally, Wells was asleep in Hill's

trailer on the morning of June 26, 2002 when the search warrant was executed

there.

Although it is true that some other members of the conspiracy, testified that

they did not engage in any drug transactions with Wells and had not seen Wells

---

[1]A crack cocaine cookie is the end-product of a process whereby powder cocaine is transformed and hardened for smoking. Ordinarily a cookie is a distribution amount rather than a personal use amount.

participate in drug-related activity, the other evidence was sufficient to sustain the conviction. However Wells' role may have compared to that of others, the evidence permitted the jury to draw a reasonable inference that he was aware of the purpose of the conspiracy and acted in furtherance of it. Therefore, we affirm Wells' conviction.

## II.

Hill argues that his conviction violates his rights to a speedy trial under the Speedy Trial Act and the Sixth Amendment. We will address his Speedy Trial Act claim first.

### A.

We review a claim under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., de novo and review a district court's factual determinations on excludable time for clear error. United States v. Dunn, 345 F.3d 1285, 1288 (11th Cir. 2003), cert. denied, 124 S. Ct. 2837 (2004). We review the decision to grant a continuance for abuse of discretion. United States v. Vasser, 916 F.2d 624, 627 (11th Cir. 1990).

Under the Speedy Trial Act:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

5

18 U.S.C. § 3161(c)(1). "In a case involving multiple defendants the speedy trial period begins when the last co-defendant is indicted or arraigned." Vasser, 916 F.2d at 626.

The Act excludes certain periods of time from the seventy day limit. "[T]ime excluded due to one defendant results in excludable days for his codefendants." United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996). "[D]elay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," is excluded. 18 U.S.C. § 3161(h)(1)(F). We have held that once a district court takes a motion under advisement the excludable time for disposing of that motion is limited to 30 days. United States v. Elkins, 795 F.2d 919, 922-23 (11th Cir. 1986).

The Act also excludes delay from any continuance:

> granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A). Although the court does not have to enunciate its

findings, "there must be sufficient evidence in the record indicating that it did consider the factors identified by the statute when it granted the continuance." Elkins, 795 F.2d at 924.

Hill was arraigned on August 4, 2003 and was not brought to trial until January 24, 2005. Hill argues that this period of delay included more than seventy days of non-excludable time. He appears to rely primarily on the fact that after the superseding indictment was filed on April 29, 2004, the original indictment was not formally dismissed until January 12, 2005 and the government failed to file parallel motions for continuance in that case. The superseding indictment was virtually identical with respect to the charges against defedants Hill and Wells but recognized a broader conspiracy involving additional co-defendants. The government argues that this superseding indictment "reset the clock" for purposes of the seventy day time limit.

Hill was never brought to trial under the first indictment, but he is now basing his speedy trial argument on what happened under that first indictment and not on the superseding indictment under which he was ultimately brought to trial. We agree with the district court that the superseding indictment "effectively dismissed" the charges in the original indictment. We have held, under a different provision of the Speedy Trial Act, that "filing a superseding indictment has the

7

same effect as dismissing an original indictment and filing a new indictment." United States v. McKay, 30 F.3d 1418, 1420 (11th Cir. 1994). Whatever happened under the original indictment after the superseding indictment was filed has no bearing on Hill's seventy days.

We find additional support under 18 U.S.C. § 3162(a)(2), which gives the district court the authority to dismiss the original indictment. This dismissal may be without prejudice if the court determines that certain factors weigh in favor of a dismissal without prejudice. These factors include: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). The second and third factors weigh heavily in favor of a dismissal without prejudice in this case. The dismissal of the original indictment would be merely taking care of a technicality since the case was simultaneously proceeding with full force under the superseding indictment. Additionally, there is no indication that the government's filing of the superseding indictment and abandonment of the original indictment was for delay or any other improper purpose that would interfere with the administration of the Speedy Trial Act or the administration of justice. Thus we have no problem finding that the original indictment could have been dismissed without prejudice at

8

any time. The fact that it was not dismissed until later in the case does not affect the validity of the proceedings under the superseding indictment. Therefore, we find no merit to Hill's argument that his speedy trial rights were violated because the first indictment was not formally dismissed when there was no violation of his speedy trial rights under the superseding indictment on which he was ultimately brought to trial.

Regardless of whether the clock was reset by the superseding indictment, Hill was brought to trial within the seventy day limit of non-excludable time. A number of motions for continuances were filed throughout the case. In granting each continuance, the district court found that the ends of justice would be served and explicitly noted that the time would be excludable under the Speedy Trial Act. The continuances were granted for the following reasons: (1) giving the defendants adequate time to review discovery and prepare; (2) providing the parties more time to work out a negotiated plea; (3) providing additional time for Hill's newly appointed counsel to review discovery; (4) providing the government time to file additional charges to prevent multiple trials on the same evidence; (5) accounting for the inability to arraign and bring to trial all of the defendants within the court's current term; (6) accommodating co-defendant counsel's inability to make the assigned court date; and (7) correcting what appears to be a clerical error in

calendaring. Hill never objected to any of these continuances, nor does he contend that any one of these continuances, individually, should not have been granted on the record as it stood at the time.

We conclude that each of the above-mentioned grounds for granting a continuance in this case furthered the ends of justice, and the district court did not clearly err in excluding this time. As the delays for the continuances were excludable, the Speedy Trial Act clock was stopped for the entire period of those continuances, and fewer than 70 days of non-excludable time passed between his original arraignment on August 4, 2003 and his trial on January 24, 2005. Therefore, Hill's Speedy Trial Act rights were not violated.

B.

Hill also argues that his rights to a speedy trial under the Sixth Amendment were violated. We review this claim de novo. United States v. Harris, 376 F.3d 1282, 1286 (11th Cir. 2004). Although compliance with the Speedy Trial Act is not a bar to a Sixth Amendment claim, we have recognized that it is an "unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated.'" United States v. Davenport, 935 F.2d 1223, 1238-39 (11th Cir. 1991) (citations omitted).

To determine whether a defendant's constitutional right to a speedy trial has

been violated we consider: (1) whether the delay was uncommonly long; (2) whether the government or the defendant is to blame; (3) whether the defendant asserted his right to a speedy trial in due course; and (4) whether the defendant suffered prejudice. United States v. Harris, 376 F.3d 1282, 1290 (11th Cir. 2004). Unless a "presumptively prejudicial" period of delay occurred under the first factor, we will not look to the remaining factors. Id. A delay of more than eighteen months is presumptively prejudicial. Id. Unless each of the first three factors "weighs heavily against the government," the defendant must demonstrate actual prejudice under the fourth factor. Id. Actual prejudice is demonstrated by showing (1) oppressive pretrial incarceration; (2) anxiety and concern resulting from delay; or (3) impairment of defense. Id. at 1291 n.7.

Although Hill's delay was presumptively prejudicial because it exceeded eighteen months, he has failed to show that the other factors weigh heavily against the government. The government asked for a majority of the continuances; however, the defendant did not oppose any of them and the district court found in many instances that the continuance was in the best interests of Hill or his co-defendants. Hill did not assert his rights to a speedy trial until October 20, 2004 when he filed a motion to dismiss. Hill filed another motion to dismiss on speedy trial grounds on January 10, 2005. Both of these motions relied on the fact that the

11

first indictment had not been formally dismissed, but did not argue that the seventy day limit had been exceeded in the ongoing case based on the superseding indictment. For the same reasons we concluded that no violation of the Speedy Trial Act occurred, we find no merit to Hill's Sixth Amendment argument.

Because Hill has failed to demonstrate that each of the first three factors weighs heavily against the government, he must show actual prejudice. Hill has not stated in his brief that he was actually prejudiced and has failed to demonstrate that his pretrial incarceration was oppressive, that the delay created anxiety or concern, or that he was prejudiced in his ability to present a defense. Therefore, Hill's Sixth Amendment right to a speedy trial was not violated.

**AFFIRMED.**

12