[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13617
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00083-ACC-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLIE WARREN PENDLETON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 9, 2016)

Before TJOFLAT, MARTIN and ANDERSON , Circuit Judges.

PER CURIAM:

A jury found Charlie Warren Pendleton guilty of possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1), and the District Court sentenced him to prison for 180 months under the Armed Career Criminal Act ("ACCA"),18 U.S.C. § 924(e).[1]  Pendleton appeals his conviction on the ground that the District Court misapplied the Speedy Trial Act[2] in calculating the excludable time.  He appeals his sentence on two grounds: (1) the Court erred in using his prior conviction for threatening to discharge a destructive device as an ACCA predicate offense because the offense did not qualify under the ACCA's enumerated offenses clause and the *Shepard*[3] documents did not show that the elements of the statute he was convicted of established a violent felony, and (2) his prior conviction for resisting a law enforcement officer with violence was presumptively void because he was not represented by counsel during the

---

[1] Pendleton was indicted on March 16, 2011.  He was tried and convicted under a superseding indictment returned on December 21, 2011.  He was sentenced on November 1, 2012, to a prison term of 180 months.  He appealed his sentence, but we dismissed the appeal because it was untimely filed. *United States v. Pendleton*, No. 12-16565 (11th Cir. 2013. Pendleton then moved the District Court pursuant to 28 U.S.C. § 2255 alleging that his attorney rendered ineffective assistance of counsel under the Sixth Amendment in failing to file a timely notice of appeal following his November 1, 2012 sentence.  Doc. 172-1.  The Court agreed, granted his motion, Doc. 173, and entered an amended judgment incorporating the November 1, 2012 sentence.  Doc. 176.  Pendleton now appeals that judgment.

[2] 18 U.S.C. §§ 3161 *et seq.*

[3] *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263, 161 L. Ed. 2d 205 (2005) (holding that a court is limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" when determining whether a non-generic criminal statute necessarily admits the elements of the generic offense).

2

sentencing for that offense.  After considering the parties' briefs and the record, we affirm Pendleton's conviction and sentence.

I.

We review *de novo* the District Court's denial of Pendleton's motion to dismiss his indictment pursuant to the Speedy Trial Act. *United States v. Harris*, 376 F.3d 1282, 1286 (11th Cir. 2004).  We review the Court's findings of fact regarding what qualifies as excludable time under the Act for clear error.  *Id*. at 1286.

Early during the prosecution of this case, it became apparent to Pendleton's lawyer that he may not be competent to stand trial.  The Speedy Trial Act error the District Court allegedly committed was in excluding the delay (in excess of 10 days) incurred in having Pendleton taken to the Medical Center for Federal Prisoners at Springfield, Missouri, for a mental competency determination.

The Speedy Trial Act provides that a defendant's trial must commence within 70 days of either the filing date of the indictment or the date of the defendant's initial court appearance related to the charge, whichever occurs later. 18 U.S.C. § 3161(c)(1).  The speedy trial clock is tolled during certain periods of delay.  18 U.S.C. § 3161(h).  Section 3161(h) of the Act, which addresses the delay at issue here, provides, in relevant part:

(h) The following periods of delay shall be excluded in computing the

time within which an information or indictment must be filed, or in computing the time within which the trial of any such offense must commence:

>   (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

>>   (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

>>   . . .

>>   (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

>>   . . . [and]

>>   (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable

>>   . . . .

>   (4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

*Id.* Additionally, any specific day that triggers the running of the speedy trial clock is excluded from the 70-day period. *United States v. Elkins*, 795 F.2d 919, 922 (11th Cir. 1986).

4

We find no error in the District Court's denial of Pendleton's motion to dismiss his indictment under the Speedy Trial Act because fewer than 70 non-excludable days had passed. Pendleton's argument---that the days beyond 10 that it took to transport him to the Medical Center at Springfield should not have been excluded---fails because he was incompetent during that entire time. Hence, such time was properly excluded under § 3161(h)(4). Pendleton's argument that incompetent defendants should still receive the benefit of § 3161(h)(1)(F)'s 10-day limit on reasonable transportation reads into the statute a conflict between § 3161(h)(1)(F) and (h)(4) that does not exist. Though we have no precedent directly on point, a plain reading of the statute does not necessitate the conclusion that only one of the exclusions under § 3161(h) can apply at a time. According to the statute's plain language, any qualifying delay is excludable, regardless of whether it would or would not qualify under a different subsection of the statute. Thus, if a defendant is mentally incompetent under § 3161(h)(4), that time is excludable even if there is also a transportation delay that is unreasonably long and thus not excludable under § 3161(h)(1)(F). In this case, for example, 53 days passed between June 23, 2011, when the District Court found Pendleton incompetent, and August 16, 2011, when he arrived at the Springfield Medical Center. Pendleton is correct that under § 3161(h)(1)(F) only 10 of the 53 days of transportation were excludable from the calculation. 18 U.S.C. § 3161(h)(1)(F).

5

However, because he had been declared incompetent, the entire 53 days was excludable under § 3161(h)(4).  18 U.S.C. § 3161(h)(4).  There being no Speedy Trial Act violation, Pendleton's conviction is affirmed.

## II.

Pendleton argues that his conviction for threat to discharge a destructive device, in violation of Fla. Stat. § 790.162, does not qualify as a violent felony under the ACCA.[4]  He did not present his objection to the District Court at sentencing.  We therefore review it for plain error.  To satisfy that standard of review, Pendleton must establish the occurrence of "(1) an error, (2) that is plain, (3) that affects substantial rights (which usually means that the error was prejudicial), and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mangaroo*, 504 F.3d 1350, 1353 (11th Cir. 2007).  "A plain error is an error that is 'obvious' and is 'clear under current law.'" *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).

Under the ACCA, a violent felony is "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[4] Pendleton concedes that § 790.162 is divisible and that some violations of the statute would qualify as violent felonies.

6

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  Subpart (i) is sometimes referred to as the "elements clause," while subpart (ii) contains the "enumerated crimes."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  The Supreme Court, in *Johnson v. United States,* held that the second clause of § 924(e)(2)(B)(ii), the residual clause, is unconstitutionally vague, and therefore, imposing an enhanced sentence based upon that provision denies due process.   135 S. Ct. 2551, 2563, 192 L. Ed. 2d 569 (2015).

To determine whether a crime falls under the ACCA definition of a violent felony, we typically "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood." *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013).  If these elements are "the same as, or narrower than, those of the generic offense," then any conviction under the statute qualifies as a violent felony.  *Id.*  This is the "categorical approach." *Id.*

But, the Supreme Court has also outlined an alternative approach that applies to a narrow subset of cases, the modified categorical approach.  *See United States v. Lockett*, 810 F.3d 1262, 1266 (11th Cir. 2016).  As the Supreme Court explained in 2013, this approach only applies to "divisible statute[s]." *Descamps*,

133 S. Ct. at 2281.  A statute is divisible if it "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile."  *Id*. (emphasis in original); *see also Mathis v. United States*, 579 U.S. ___, ___, 136 S. Ct. 2243, 2251-54, 195 L. Ed. 2d 604 (2016) (holding that courts may use the modified categorical approach only if the non-generic terms in a state statute constitute elements of the offense, not simply alternative means of committing the crime).

As previously noted, Pendleton expressly concedes that Fla. Stat. § 790.162 is divisible and has consequently waived any argument to the contrary.  **[Appellant Br. at 42]**; *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) (explaining that "[a]rguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived").  So, we assume that the modified categorical approach applies here.  Under this approach, we consult any *Shepard* documents the Government submitted to determine which version of the crime the defendant was convicted of.  *United States v. Braun*, 801 F.3d 1301, 1305 (11th Cir. 2015).[5]  If the crime that the defendant was convicted of "has as an element the use, attempted use, or threatened use of physical force against the person of another," then the conviction qualifies as a violent felony for purposes of the

_____

[5] *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263 (2005) (holding that a court is limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" when determining whether a non-generic criminal statute necessarily admits the elements of the generic offense)

8

ACCA under the elements clause. *Id*. at 1307; 18 U.S.C. § 914(e)(2)(B)(i).

Similarly, if the elements of the crime that the defendant was convicted of match

the generic elements of an enumerated offense, then the conviction qualifies as a

violent felony for purposes of the ACCA under the enumerated crimes clause.

*United States v. Ramirez-Flores*, 743 F.3d 816, 820 (11th Cir. 2014).

We find no plain error in the Court's finding that Pendleton's prior

conviction for threatening to discharge a destructive device qualified as a violent

felony for purposes of the ACCA enhancement. Whether a conviction under

§ 790.162 qualifies as a violent felony through the enumerated clause of the

offense that "involves use of explosives" is a matter of first impression. 18 U.S.C.

§ 924(3)(2)(B)(ii). Consequently, there can be no error that is plain or obvious, the

second factor of the plain error standard. *Humphrey*, 164 F.3d at 588. But

assuming that it is, we do not invoke the standard because the error does not

"seriously affect[ ] the fairness, integrity, or public reputation of judicial

proceedings." *Mangaroo*, 504 F.3d 1353.

### III.

Pendleton argues that his prior conviction for resisting a law enforcement

officer with violence was presumptively void because he was not represented by

counsel in the sentencing in that case. *United States v. Barrington*, 648 F.3d 1178,

1195 (11th Cir. 2011). According to him, the Florida court's omission of the name

9

of his court-appointed attorney from the judgment established that he was not represented by counsel and that his conviction is invalid under *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963) (holding that the Sixth Amendment, which grants defendants a right to counsel in all criminal prosecutions, applies to the states through the Fourteenth Amendment), and cannot be used as the basis for a sentence enhancement in a later case, such as the one here. *Burgett v. Texas*, 389 U.S. 109, 115, 88 S. Ct. 258, 262, 19 L. Ed. 2d 319 (1967). Contrary to Pendleton's argument, overwhelming evidence supports the District Court's factual finding that he received the assistance of appointed counsel in the state proceedings underlying his conviction for resisting an officer with violence. The evidence included a court order appointing the Public Defender at Pendleton's initial appearance on the charge; court minutes showing that was being represented by counsel; a plea agreement signed by him and counsel; and counsel's motion for attorney's fees made on the date of his sentencing. In sum, we find no clear error in the Court's finding that Pendleton received the representation of counsel throughout the case and, in particular, at sentencing, where the court imposed the sentence reflected in Pendleton's plea agreement.

For the foregoing reasons, Pendleton's conviction and sentence are

AFFIRMED.