**UNITED STATES of America**

v.

**John ARBELAEZ, Appellant.**

No. 92–1862.

United States Court of Appeals,
Third Circuit.

Argued May 12, 1993.

Decided Oct. 14, 1993.

---

Michael J. Rotko, U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, and Mary E. Crawley (argued), Asst. U.S. Atty., Office of United States Atty., Philadelphia, PA, for appellee.

Jeffrey A. Lutsky and Stephen B. Nolan (argued), Stradley, Ronon, Stevens & Young, Philadelphia, PA, for appellant.

Before: BECKER, HUTCHINSON and ROTH, Circuit Judges.

## OPINION OF THE COURT

ROTH, Circuit Judge:

This appeal arises from defendant/appellant John Arbelaez's contention that he was denied his right to a trial within 70 days of his indictment, as required by the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174 (1988). It is undisputed that more than 70 days had elapsed between Arbelaez's indictment and trial date. The government argued and the district court found, however, that a number of these elapsed days were "excludable" from consideration for Speedy Trial Act purposes and that no violation of the Act had occurred. We conclude that a letter which counsel for a co-defendant sent to the district court judge, requesting a continuance, must be considered to be a motion and, therefore, created a sufficient number of excludable days that there was no violation of the Act. For this reason, we will affirm the judgment of the district court.

### I.

On September 13, 1991, John Arbelaez and four co-defendants were arrested on charges of possession of cocaine with intent to distribute and of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendants were indicted on September 26, 1991. Trial was set for December 5, 1991. On November 15, 1991, counsel for codefendant Thomas Laracuente wrote a letter to the

district court judge, requesting a continuance of the trial. On November 18, 1991, the district judge replied by a letter to counsel for Laracuente, stating that requests for continuances should be in the form of a written motion with a brief in support and that, if counsel wanted the court to consider the request for a continuance, he should "file the appropriate written motion." Also on November 18, 1991, the government filed and served its "Response to Motion for Continuance," attaching Laracuente's November 15 letter as an exhibit.

Arbelaez was arraigned on November 21, 1991. On November 25, 1991, codefendant Laracuente changed his plea to guilty. On December 2, 1991, the government filed a change of plea memorandum for Arbelaez. The next day, the deputy clerk of the district court filed a Report of Speedy Trial Act Delay, stating as a ground for continuance that "the defendant is incarcerated in a distant County jail and will not be available until Monday, December 9, 1991." On December 9, 1991, Arbelaez's change of plea hearing was held, and Arbelaez filed a motion to dismiss the indictment on Speedy Trial Act grounds.

The district court denied the motion to dismiss on the basis that the November 15, 1991, letter on behalf of Laracuente, requesting a continuance, constituted a motion to continue the trial and that the letter motion for continuance remained pending before the court until November 25, 1991, the date on which codefendant Laracuente pleaded guilty. In addition, the court held that the date of Arbelaez's arraignment was excludable. The court went on to observe that it was even arguable that the period of delay from December 3, which was the date originally set for the change of plea hearing, until December 9, when the change of plea hearing was held, was excludable as a period when Arbelaez was absent or unavailable. The district court therefore concluded that there was no violation of the Speedy Trial Act.

## II.

■ The district court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the district court's interpretation of the Speedy Trial Act is plenary. *See United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 n. 3 (3d Cir. 1988). We will reverse the district court's factual findings only if they are clearly erroneous. *See id.*

## III.

■ Initially, we note that seventy-four days elapsed from the defendant's indictment on September 26, 1991, until the change of plea hearing on Monday, December 9, 1991. The parties agree that the date Arbelaez was indicted is the proper date to set the Speedy Trial Act clock running. *See United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981). Furthermore, the parties agree that the date Arbelaez was arraigned, November 21, 1991, was properly excluded from the Speedy Trial Act calculation pursuant to 18 U.S.C. § 3161(h)(1) ("any period of delay resulting from other proceedings concerning the defendant"); *see United States v. Novak*, 715 F.2d 810, 813 n. 5 (3d Cir.1983) (excluding day of arraignment). Therefore, with one excluded day undisputed, seventy-three days remain from indictment to guilty plea; in other words, unless other days were properly excludable, the last date on which Arbelaez could be tried would have been Friday, December 6, 1991.

The district court excluded an additional ten days for the co-defendant's motion for continuance of trial on the basis that the motion was dated November 15, 1991, and became moot upon codefendant Laracuente's guilty plea on November 25, 1991.[1] The November 15 letter was date-stamped as received by the district judge on November 18, 1991. Because the government now accepts November 18 as the date of service, we will begin our time computation as of that date.[2]

---

1. What might seem to be an eleven day period is really only ten for Speedy Trial Act purposes because November 21, 1991, the date of Arbelaez's arraignment, is excludable.

2. Arguably, pursuant to Fed.R.Cr.P. 4(d) (Papers shall be filed in the manner provided in civil actions) and Fed.R.Civ.P. 5(b) (Service by mail is complete upon mailing) the date of service is the

■ The Speedy Trial Act requires that trial commence within seventy days of a defendant's initial appearance or of the filing and making public of the indictment, if later. *See* 18 U.S.C. § 3161(c). Delay resulting from any pretrial motion, from the date of the filing of the motion through the date of the prompt disposition of the motion, is excluded from the computation of Speedy Trial Act time. *See* 18 U.S.C. § 3161(h)(1)(F). Any pretrial motion, including a motion for extension of time, is a pretrial motion within the meaning of Section 3161(h)(1)(F) and creates excludable time, even if it does not in fact delay trial. *See United States v. Novak,* 715 F.2d 810, 813 (3d Cir.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984). Moreover, pursuant to section 3161(h)(7), "after defendants are joined for trial, 'an exclusion applicable to one defendant applies to all codefendants.'" *Novak,* 715 F.2d at 815 (quoting *United States v. Edwards,* 627 F.2d 460, 461 (D.C.Cir.1980)). Therefore, a motion for a continuance by counsel for codefendant Laracuente would create excludable days for Arbelaez.

■ The crucial question is whether the letter sent by Laracuente's counsel should be treated as a motion for continuance. We conclude that it should. We believe, contrary to appellant's argument, that the letter was not too "informal" to be a motion. Arbelaez urges that the letter was not in the proper form for a motion for a continuance. He also points out that the letter was sent only to the judge's chambers, not to the clerk's office. However, "[a] motion can be 'filed' with a judge, Fed.R.Civ.P. 5(e), and even an oral motion is sufficient to invoke the time exclusion provided by the Speedy Trial Act." *United States v. Louis,* 814 F.2d 852, 857 (2d Cir.1987); *see also United States v. Noone,* 913 F.2d 20, 27 (1st Cir.1990) (oral request for reconsideration of pretrial detention order), *cert. denied,* —— U.S. ——, 111 S.Ct. 1686, 114 L.Ed.2d 81 (1991); *United States v. Richmond,* 735 F.2d 208, 212 (6th Cir.1984) (oral motion for continuance). We conclude, as have our sister circuits, that lack of for-

mality does not preclude Laracuente's request for a continuance from attaining, for Speedy Trial Act purposes, the status of a pretrial motion.

Arbelaez also argues that this request cannot be considered a motion because the district court itself did not consider the request to be a motion. The district court replied to Laracuente by its letter of November 18, 1991, which stated:

It is important that all requests for a continuance in a criminal case be in the form of a written motion, accompanied by a brief in support of the relief requested by the motion.

If you want me to consider your request for a continuance, please file the appropriate written motion.

The district court reasoned, however, that, despite its November 18 letter, "[t]he letter of Laracuente's attorney, while not in the proper form, was nevertheless a motion for purposes of the Speedy Trial Act. This motion was pending before me until it was rendered moot by Laracuente's plea on November 25, 1991."

■ We conclude that the district court properly considered the letter to fit within the classification of motion, despite the further condition made by the court that the request for a continuance be resubmitted in "appropriate written" form if it was to be ruled upon by the court. First, regardless of how a court initially appears to treat an informal request for relief, that request can be considered a "motion" for Speedy Trial Act purposes if it is the functional equivalent of a "motion." In *United States v. Elkins,* 795 F.2d 919 (11th Cir.1986), the court found that a telephone call to the court by defense counsel, which call informed the court that counsel no longer represented the defendant, should be construed as a motion for the appointment of counsel. It would, therefore, invoke a 30 day exclusion under the Speedy Trial Act even though no formal motions to withdraw or to have the court appoint coun-

date of mailing. However, there is nothing in the record in this case which indicates when the letter, dated November 15, was actually mailed. Moreover, as noted above, the government has

apparently conceded that the date of service of the November 15 letter was November 18, the date of the receipt stamp.

sel were filed. The court reasoned that, regardless of how the district court treated counsel's telephone call, "[a]t that point the [district] court knew that Elkins was without counsel and needed counsel and it had yet to inquire whether he was indigent. After counsel's telephone call, the court should have moved promptly to decide this motion. It did not." *Id.* at 922. The court then concluded that a 30 day exclusion pursuant to section 3161(h)(1)(F) for "delay resulting from any pretrial motion, for the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" was appropriate. *See id.* Similarly, in the present case, Laracuente's request for a continuance can be construed as a motion regardless of the dissatisfaction with its form or the request for resubmission which was expressed by the district court in its November 18 letter.

Second, the parties, in good faith, treated Laracuente's letter as a motion for a continuance. The government filed a response to Laracuente's letter on November 18, 1991, explaining that the government was ready for trial on the scheduled trial date, December 5, 1991, but that it would take no position on the motion for continuance. Moreover, concerned with the Speedy Trial Act implications of such a continuance, the government requested "that if defendant's motion for continuance is granted, the Court [should] find such continuance excludable under the Speedy Trial Act." The government considered Laracuente's letter as a motion for continuance and indicated that it was treating it as such for Speedy Trial Act purposes.

In *United States v. Jorge*, 865 F.2d 6 (1st Cir.), *cert. denied*, 490 U.S. 1027, 109 S.Ct. 1762, 104 L.Ed.2d 198 (1989), the court held that a request by the government for discovery should be treated as a motion for Speedy Trial Act purposes. The court reasoned that "[e]ven if the government's 'request' is not a motion, it is sufficiently analogous to a motion to be considered at least an 'other proceeding' covered by the same section of the Speedy Trial Act,"[3] *id.* at 11–12, that the government, in good faith, treated the request as a motion, and that the defendant also in effect treated the request as a motion. *See id.* at 12. We conclude that similar reasoning applies in the present case. The letter was similar enough to a motion, both in context and in content, to be considered as a motion. In addition, the government, in good faith, treated the letter as a motion.[4]

We conclude, therefore, that Laracuente's letter request for a continuance properly qualifies to be a "motion" for Speedy Trial Act purposes—at least on November 18, the date that the letter was received by the district judge and was responded to by him, informing counsel that the letter would not be handled as a motion unless counsel filed "the appropriate written motion." On the same day, the government made a good faith response to co-defendant's written submission.

This additional day extends the 70 day period until Saturday, December 7. Moreover, pursuant to Rule 45(a) of the Federal Criminal Rules of Procedure, if the last day of the 70 day period falls on a Saturday, Sunday, or legal holiday, "the period runs until the end of the next day which is not one of the aforementioned days." *See United States v. Montoya*, 827 F.2d 143, 147 n. 4 (7th Cir.1987) (Rule 45's time computations adopted as appropriate measures for computing time under the Speedy Trial Act). With the inclusion of November 18 as an excludable day, the 70 day period runs over to Monday, December 9, the day on which John Arbelaez entered his guilty plea.[5]

---

3. Section 3161(h)(1) of the Speedy Trial Act excludes "[a]ny period of delay resulting from *other proceedings* concerning the defendant, *including but not limited to* ... (F) delay resulting from any pretrial motion...." (emphasis added).

4. Arbelaez's reliance upon *United States v. Mentz,* 840 F.2d 315 (6th Cir.1988) is misplaced. The Rule 16 discovery request made by the defendant in that case was apparently viewed by the district court "as merely a pro forma request for discovery directed at the government, rather than an invitation for district court intervention." *Id.* at 329. A request for a continuance, as was made in the present case, would require district court intervention.

5. Because we do not need to determine whether any additional days, after the district court asked for "an appropriate written motion," would qualify for exclusion under the Speedy Trial Act, we will refrain from doing so.

## IV.

For the foregoing reasons, we conclude that the Speedy Trial Act was not violated and we will affirm the judgment of the district court.