**UNITED STATES of America,**

v.

**Shawn PEARCE, Appellant.**

**No. 03–2892.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Nov. 16, 2004.

Decided Dec. 1, 2004.

Albert V.F. Nelthropp, Allentown, PA, for Appellant.

Before ROTH, SMITH and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

Defendant pleaded guilty to five counts of an indictment arising from two instances of armed robbery of a jewelry store. The prosecution and the defendant entered into a written plea agreement that called for a specific sentence of 30 years incarceration and 5 years of supervised release.

On appeal, defendant contends that the delay between his indictment and the date of trial was unreasonable under the Constitution and violated the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* In addition, he asserts that his sentence of 360 months was cruel and unusual punishment in violation of the Eighth Amendment.

■ Defendant was first indicted on November 30, 2000 and was the subject of a second superseding indictment on April 26, 2001. Contrary to the defendant's assertions, the District Court did not err when it excluded that time period against the Speedy Trial Act's limitations. *See* 18 U.S.C. § 3161(h)(7). Moreover, the District Court properly considered the time required for disposition of motions, a continuance granted so that new counsel could prepare for trial and other matters when it denied a motion alleging a violation of the Speedy Trial Act. *See, e.g., United States v. Arbelaez,* 7 F.3d 344 (3d Cir.1993).

■ In addition, defendant waived his Speedy Trial Act defense because he did not reserve the right to challenge those rulings when he pleaded guilty.

Accordingly, we conclude that the defendant's challenge to the District Court's ruling on the Speedy Trial Act must be rejected.

Robert E. Goldman, Office of United States Attorney, Allentown, PA, for Appellee.

Additionally, the defendant's complaint about the length of his sentence lacks merit. The statutory maximum on certain counts of the indictment was life imprisonment with a mandatory minimum of 32 years incarceration. Defendant now contends that he would have received a lesser sentence in the Pennsylvania state courts for the same offenses. Even if that claim were valid, it is irrelevant to the federal sentence imposed.

A defendant who enters into a plea agreement may not disavow its provisions on appeal. *See, e.g., United States v. Khattak,* 273 F.3d 557, 563 (3d Cir.2001); *United States v. Rodia,* 194 F.3d 465, 469 (3d Cir.1999). The crimes for which defendant was sentenced were particularly brutal and amounted to conduct consistent with an earlier conviction for a violent offense. The sentence imposed here was not so draconian as to amount to cruel and unusual punishment.

The judgement of the District Court will be affirmed.