NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3341
_____

UNITED STATES OF AMERICA

v.

ALLEN DINZEY,
Appellant
_____

Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No. 3-05-cr-00076-003)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2011

Before:  SCIRICA, RENDELL and AMBRO, Circuit Judges

(Opinion Filed: April 15, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Allen Dinzey appeals from a jury verdict finding him guilty of conspiracy to

possess with intent to distribute a controlled substance and conspiracy to import with

intent to distribute a controlled substance into the United States, in violation of Title 18 of

the United States Code, and from his resulting sentence of 160 months' imprisonment.

Dinzey contends that the District Court erred by (1) trying this matter in violation of his constitutional right to a speedy trial, (2) sustaining the jury's verdict of guilt beyond a reasonable doubt in spite of insufficient evidence, and (3) imposing an unreasonable sentence. We write only for the parties and assume their familiarity with the factual and procedural history of this case. We will affirm.

After a mistrial was declared in Dinzey's first trial on March 14, 2007, we affirmed the District Court's denial of Dinzey's subsequent motion to dismiss on December 20, 2007, and issued our mandate on January 15, 2008. The District Court then scheduled the retrial of Dinzey's case for February 25, 2008, but the retrial did not actually commence until February 2, 2009.

"We review *de novo* a district court's legal conclusion regarding a defendant's claim that his constitutional right to a speedy trial was violated," while reviewing "the factual findings underpinning that conclusion for clear error." *United States v. Battis*, 589 F.3d 673, 677 (3d Cir. 2009).[1] In pertinent part, the Speedy Trial Act requires the re-trial of a defendant "following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial" – or "following an appeal or a collateral attack" – to "commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). However, "[a]ny period of delay resulting from other proceedings concerning the defendant" or "from any pretrial motion, from the filing

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1611. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

of the motion through the conclusion of the hearing on, or other prompt disposition, of such motion" is excludable from the Speedy Trial calculation. §§ 3161(e), (h)(1).

Here, although the delay between January 15, 2008 and February 2, 2009 technically exceeded the seventy-day window prescribed in the Speedy Trial Act, the record confirms that Dinzey and his co-defendants filed a number of motions and appeals, which were still pending prior to the February 2, 2009 retrial. *See, e.g.*, *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (noting that "an exclusion applicable to one defendant applies to all co-defendants"); *United States v. Farmer*, 543 F.3d 363, 368 (7th Cir. 2008) ("The excludable delay of [the defendant's] co-defendants is ascribed to him."). Applying § 3161(h)(1), we agree with the District Court's holding that these outstanding pre-trial motions tolled the time limitations of the Speedy Trial Act and did not violate Dinzey's rights.[2]

Dinzey next contends that the evidence presented at trial was insufficient to sustain the jury's verdict of guilt for conspiracy to possess and distribute cocaine and conspiracy to import cocaine into the United States. Dinzey argues that the adduced evidence merely showed a "buy-sell agreement and no other substantive criminal objective," such as a conspiracy, and, as such, his motion for a judgment of acquittal should have been granted. "We exercise plenary review over a district court's grant or denial of a motion for judgment of acquittal based on the sufficiency of the evidence,

---

[2] Because we find that the pre-trial motions tolled the requirements of the Speedy Trial Act, we need not address the government's assertion that Dinzey failed to preserve this issue on appeal.

applying the same standard as the district court."[3] *United States v. Starnes*, 583 F.3d 196, 206 (3d Cir. 2009). Although our review is plenary, we are "particularly deferential" to the district court's conclusions, and the "appellant carries a very heavy burden" in challenging the sufficiency of the evidence." *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002).

To establish a conspiracy, the government needed to prove "(1) a shared unity of purpose, (2) an intent to achieve a common illegal goal, and (3) an agreement to work toward that goal, which [Dinzey] knowingly joined." *United States v. Boria*, 592 F.3d 476, 481 (3d Cir. 2010) (citations omitted). "These elements incorporate a requirement that [Dinzey] had knowledge of the specific illegal objective contemplated by the particular conspiracy," namely, importing and distributing a controlled substance. *Id.* (citations omitted). The government presented testimony from several witnesses and numerous wire interceptions, which revealed Dinzey's knowing and willing participation throughout the illegal conspiracy to import and distribute cocaine; the jury found the voluminous evidence persuasive beyond a reasonable doubt in reaching the guilty verdict. Viewing the evidence in the light most favorable to the government, as we must, we agree with the District Court's conclusion that a rational trier of fact could have found the evidence – considered "in conjunction and as a whole" – to sufficiently establish each

---

[3] "A Rule 29 motion for judgment of acquittal obliges a district court to review the record in the light more favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence," *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006) (internal quotations & citation omitted), and we "neither reweigh[ ] evidence, nor mak[e] an independent determination as to witnesses' credibility," *United States v. Peppers*, 302 F.3d 120, 125 (3d Cir. 2002).

element of the conspiracy beyond a reasonable doubt. *See United States v. Brodie*, 403 F.3d 123, 134 (3d Cir. 2005) ("In conducting the sufficiency inquiry, we do not view the government's evidence in isolation.") (alterations omitted). Accordingly, we will affirm the District Court's denial of Dinzey's motion for acquittal as to sufficiency of the evidence.

Finally, Dinzey argues that the District Court's imposition of a 160-month sentence was unreasonable in light of Dinzey's age (47 years old), acceptance of responsibility, and completion of a GED Diploma while incarcerated. Because "the trial court [is] in the best position to determine the appropriate sentence in light of the particular circumstances of the case," *United States v. Ausburn*, 502 F.3d 313, 328 (3d Cir. 2007) (citation and quotations omitted), "[t]he party challenging the sentence bears the ultimate burden of proving its unreasonableness, and we accord great deference to a district court's choice of final sentence," *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (citations omitted). The District Court thoroughly considered the 18 U.S.C. § 3553(a) factors in reaching its sentence determination, extensively discussing the seriousness of the offense, Dinzey's history and characteristics, and the need to impose a sentence in parity with other similarly-situated defendants. (S.A. at 61-65.) Dinzey has failed to advance any substantive arguments establishing that the District Court's analysis and ultimate conclusion were unreasonable or inconsistent with the sentencing guidelines, and we owe "great deference" to the District Court's judgment. Accordingly, we will uphold the sentence.

For the foregoing reasons, we will affirm Dinzey's conviction and sentence.

5