**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2011
_____

UNITED STATES OF AMERICA

v.

SAMUEL VALLES, a/k/a TS

Samuel Valles,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 5-10-cr-000367-003)
District Judge: Honorable Legrome D. Davis
_____

Submitted under Third Circuit LAR 34.1(a)
April 22, 2013

Before: JORDAN, ALDISERT and NYGAARD, Circuit Judges.

(Filed: April 23, 2013)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

　　Samuel Valles appeals a judgment of the United States District Court for the

Eastern District of Pennsylvania, in which the Court sentenced Valles to 46 months'

imprisonment after a jury convicted him of two counts of distribution of heroin and three counts of possession with intent to distribute a controlled substance. Valles contends that the District Court erred by (1) denying his request for an acceptance of responsibility reduction under the Sentencing Guidelines, (2) denying his motion to suppress evidence gathered from his residence pursuant to a search warrant, and (3) denying his motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161. We disagree, and will affirm the judgment of the District Court.

I.

Because we write primarily for the parties, who are familiar with the facts and proceedings in the District Court, we will revisit them only briefly.

In early 2009, the FBI and the Reading, Pennsylvania Police Department began investigating a drug trafficking operation headed by Steven Santana. Valles, Santana's uncle, made multiple heroin sales to an undercover officer in late 2009. Law enforcement officers, pursuant to a court-authorized wiretap, intercepted phone conversations between Valles and Santana regarding delivery and collection of drugs and money. Surveillance conducted during the investigation revealed that Valles met with Santana and other suspected drug traffickers and purchasers, in public, on multiple occasions. A grand jury indicted Valles, Santana, and other individuals involved in the drug trafficking operation, and a magistrate judge issued a search warrant for numerous locations, including Valles's residence. During the search of Valles's residence, law enforcement officers found heroin, cocaine, and crack cocaine, along with a loaded pistol and $8,440 in cash. They subsequently arrested Valles.

The District Court denied Valles's motion to suppress the evidence found at his residence, as well as his motion to dismiss the indictment for violation of the Speedy

2

Trial Act, 18 U.S.C. § 3161. At trial, a jury convicted Valles of two counts of distribution of heroin, and three counts of possession with intent to distribute controlled substances.[1] At sentencing, the District Court denied Valles's request for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, sentenced him to 46 months' imprisonment, and imposed fines and a special assessment totaling $3,000. Valles timely appealed.[2]

## II.

The District Court did not err in denying Valles's motion to suppress physical evidence obtained during the search of his residence. In our review of the District Court's denial of a suppression motion, "we review its factual findings for clear error and exercise plenary review over its legal determinations." United States v. Shields, 458 F.3d 269, 275-276 (3d Cir. 2006) (citation omitted).

Valles contends that the warrant authorizing a search of his residence was not supported by probable cause. He contends that the underlying affidavit contained unsupported opinions and conclusions that constituted false or reckless statements, without which there would not have been probable cause for the search. We disagree. As a reviewing court, we are required only to "ensure that the magistrate had a substantial basis for concluding that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-239 (1983) (internal quotation marks, citation and alterations omitted). The magistrate judge's role is clear: he or she "is simply to make a practical, common-sense decision

---

[1] The jury also found Valles guilty of possession of a firearm in furtherance of a drug trafficking conspiracy, but because the Court had previously granted Valles's motion for judgment of acquittal of the predicate conspiracy offense, the District Court granted Valles's motion for judgment of acquittal of the firearm offense.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

whether, given all the circumstances set forth in the affidavit . . . there is a *fair probability* that contraband or evidence of a crime will be found in a particular place." Id. at 238 (emphasis added). Here, based on the totality of the circumstances, this fair probability clearly existed, given Valles's observed drug dealing activities and actual sales of drugs to an undercover officer.

Notwithstanding Valles's protestations that the affidavit contained no indication that he engaged in any illegal activity at his residence, probable cause may be inferred from "the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide [evidence]." United States v. Stearn, 597 F.3d 540, 554 (3d Cir. 2010) (alteration in original) (quoting United States v. Jones, 994 F.2d 1051, 1056 (3d Cir. 1993)). A magistrate judge is permitted to draw the "reasonable inference . . . that drug dealers often store evidence of drug crimes in their residences . . . [and] application of this inference is based on evidence supporting three preliminary premises: (1) that the person suspected of drug dealing is actually a drug dealer; (2) that the place to be searched is possessed by, or the domicile of, the dealer; and (3) that the home contains contraband linking it to the dealer's activities." Id. at 559 (internal quotation marks and citation omitted). The evidence clearly supported the first two premises. As to the third premise, that there was a nexus between Valles's activities and the residence, the affidavit stated that Valles made regular phone calls to Santana from a land line phone at the residence and that investigators observed Valles leaving his residence to meet with Luis Berrios, who was also named in the indictment. In addition, investigators observed Valles leaving the residence to meet with an individual known to purchase drugs from Santana's associates. In short, there was ample evidence before the Magistrate Judge from which he could

4

permissibly infer that probable cause existed to search Valles's residence, and we reject Valles's contentions to the contrary.

We reject also Valles's related challenge to the statements in the underlying affidavit. Valles correctly notes that a district court is permitted to look behind a warrant to the statements made in the underlying affidavit, and is authorized to conduct a hearing if a defendant "makes a substantial preliminary showing" that the affidavit includes false statements that were made either "knowingly and intentionally, or with reckless disregard for the truth." Franks v. Delaware, 438 U.S. 154, 155-156 (1978). If, however, after setting aside the allegedly false statements, "there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." Id. at 172-173. Simply put, the District Court in this case correctly determined that Valles failed to make a substantial preliminary showing that the affidavit contained false statements, but rather offered a different interpretation of the conversations and events documented in the affidavit. Accordingly, we reject completely Valles's challenge to the District Court's denial of his motion to suppress.

## III.

The District Court did not err when it denied Valles's motion to dismiss his indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161. We review de novo the District Court's interpretation of the Speedy Trial Act, and review its factual conclusions for clear error. United States v. Rivera Constr. Co., 863 F.2d 293, 295 n.3 (3d Cir. 1988). Under the Speedy Trial Act, a defendant must be brought to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Numerous

5

types of delays are excludable from computation of the seventy-day period, including delays resulting from pretrial motions and continuances. See 18 U.S.C. § 3161(h). On appeal, Valles focuses on the time period between June 4, 2011 and November 10, 2011, contending that this period of time is not excludable from the seventy-day requirement, and that the indictment therefore should have been dismissed.

We find no merit in Valles's contentions regarding the Speedy Trial Act. On April 28, 2011, the District Court granted Valles's co-defendant Cori DeVault's motion for a continuance. The District Court granted the motion, stating specifically that "[i]n accordance with 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial . . . ." Supp. App. 68. Under 18 U.S.C. § 3161(h)(7), "after defendants are joined for trial, an exclusion applicable to one defendant applies to all codefendants." United States v. Arbelaez, 7 F.3d 344, 347 (3d Cir. 1993) (internal quotation marks and citation omitted). Any delay between April 28, 2011 and the trial date of November 28, 2011 was therefore excludable from the seventy-day requirement. See United States v. Lattany, 982 F.2d 866, 868 (3d Cir. 1992) ("open-ended continuances to serve the ends of justice are not prohibited if they are reasonable in length."). Accordingly, we need not address Valles's contention that the District Court's delay in considering his motion to suppress violated the Speedy Trial Act.

IV.

Finally, we conclude that the District Court did not commit clear error when it denied Valles's request to reduce his sentence for acceptance of responsibility. Although we review de novo a district court's interpretation of the Sentencing Guidelines, including U.S.S.G. § 3E1.1, we review for clear error a district court's factual

6

determination regarding a criminal defendant's entitlement to a sentence reduction for acceptance of responsibility. United States v. Ceccarini, 98 F.3d 126, 129 (3d Cir. 1996). "Because the sentencing judge 'is in a unique position to evaluate a defendant's acceptance of responsibility,' we give great deference on review to a sentencing judge's decision not to apply the two-level reduction for acceptance of responsibility to a particular defendant." United States v. Barr, 963 F.2d 641, 657 (3d Cir. 1992) (quoting U.S.S.G. § 3E1.1 cmt. n.5).

Section 3E1.1(a) of the Sentencing Guidelines states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by two levels." Valles contends that he should have received the reduction because he informed the Government prior to trial that he was willing to plead guilty to some of the counts against him, because he stipulated to the weight and content of the drugs recovered from his sales to the undercover officer and from the search of his residence, and because Valles's attorney's opening statement admitted that Valles sold heroin to an undercover officer. Valles argues that, by virtue of these acts, he "truthfully admitt[ed] the conduct comprising the offense(s) of conviction," U.S.S.G. § 3E1.1 cmt. n.1(A), a critical factor in the acceptance of responsibility analysis. The Government contends that because Valles ultimately decided not to plead guilty to any of the charges against him, notwithstanding strategic stipulations and statements by his attorney, he "put[] the government to its burden of proof at trial," id. at cmt. n.2, and that this is not one of the "rare situations" where a defendant who exercises his right to trial may nevertheless be eligible for the acceptance of responsibility reduction, see id. The District Court considered these competing contentions during the sentencing hearing and determined that Valles was not eligible for the reduction. Ultimately, we are not "left with a definite

7

and firm conviction that a mistake has been committed," <u>United States v. Lessner</u>, 498 F.3d 185, 199 (3d Cir. 2007), and we conclude that the District Court did not clearly err in its determination.

* * * * *

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be AFFIRMED.