NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2598
_____

UNITED STATES OF AMERICA

v.

MARTIN J. VILLALOBOS,

Appellant.

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  2-12-cr-00290-001)
District Judge:  Honorable Stanley R. Chesler

Submitted under Third Circuit LAR 34.1(a)
on January 13, 2014

(Opinion filed: March 26, 2014)

Before:  RENDELL, ROTH and BARRY, Circuit Judges

O P I N I O N

**RENDELL**, Circuit Judge

Appellant Martin Villalobos was convicted at trial of two counts of receipt of child

pornography, one count of possession of child pornography, and two counts of

distribution of child pornography. He was sentenced to 292 months' imprisonment and now appeals both his conviction and sentence.

I.

Because we write primarily for the benefit of the parties, we relate only those facts essential for our disposition of the case. Villalobos was arrested on August 18, 2011 and charged in a complaint with one count of possession of child pornography. Thereafter, four sixty-day continuances were entered by joint application of defense counsel and the Government. On May 1, 2012, fifteen days after the fourth continuance expired, an indictment was entered, charging Villalobos with his original possession count, as well as two counts of receipt of child pornography. On August 14, 2012, a superseding indictment was entered, adding two counts of distribution of child pornography.

Following the entry of the indictments, Villalobos filed multiple motions pro se despite the fact that he was represented by counsel. At a hearing on August 22, 2012, the Court granted Villalobos's request to represent himself at trial and proceed pro se. The Court also stated that every motion that Villalobos had filed pro se when he was represented would be deemed filed as of August 22.

Villalobos moved to dismiss the superseding indictment, claiming, *inter alia*, pre-indictment and post-indictment delay in violation of the Speedy Trial Act, as well as a Sixth Amendment violation. The District Court rejected Villalobos's arguments and denied the motion. At trial the jury found him guilty on all counts, and he was sentenced to 292 months' imprisonment.

## II.

### a. Pre-Indictment Delay

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ." 18 U.S.C. § 3161(b). Various periods are excluded from the thirty day clock, including, "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel . . . ." 18 U.S.C. § 3161(h)(7)(A). However, "[n]o such period of delay resulting from a continuance granted by the court . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

Villalobos claims that the pre-indictment continuances lacked the specific reasoning required by the Speedy Trial Act. Without valid continuances, Villalobos argues, the Speedy Trial clock ran far beyond the required 30 day limit prior to indictment.

However, the fact that defense counsel jointly applied for these continuances with the Government is fatal to his claim. Two precedential decisions by our Court have held that defendants cannot request continuances and then claim a violation of the Speedy Trial Act when the continuances are granted. *See United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994) (holding that "[t]he defendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own

3

attorney sought"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992)

("Defendants cannot be wholly free to abuse the system by requesting (h)(8)

continuances and then argue that their convictions should be vacated because the

continuances they acquiesced in were granted."). We thus conclude that Villalobos

cannot now claim that the pre-indictment continuances were inadequately justified, when

his own attorney requested them.[1]

In any event, we find that the District Court set forth sufficient reasons for the

continuances, pursuant to the Speedy Trial Act. Each of the continuances referred to the

goal of "resolv[ing] the matter" and "avoid[ing] a possible trial." (App. 290-98.) The

Government claims, and we agree, that this is a clear reference to plea negotiations. As

we held in *Fields*, "[w]e . . . see no reason why an 'ends of justice' continuance may not

be granted in appropriate circumstances to permit plea negotiations to continue." 39 F.3d

at 445. Further, in each of the continuances the Court noted that granting a continuance

would serve the ends of justice, as required by the Speedy Trial Act. Accordingly, we

find that, as the pre-indictment continuances were well-reasoned, appellant's argument on

this ground is meritless.

---

[1] Villalobos concedes that his attorney consented to the four pre-indictment continuances, but claims that he was not informed by counsel of any such continuances. However, Villalobos's role in the scheduling process is immaterial. The statute explicitly states that excludable continuances may be requested by "defendant or his counsel." *See also New York v. Hill*, 528 U.S. 110, 115 (2000) ("Scheduling matters are plainly among those for which agreement by counsel generally controls.").

b. Post-Indictment Delay

Villalobos next argues that the District Court improperly excluded time following the indictment, under the Speedy Trial Act. Specifically, he claims that his letter of June 21, 2012 to the Court did not stop the statutory clock. In that letter Villalobos requested that the Court compel his attorney to obtain certain transcripts. This letter was among multiple motions filed pro se by Villalobos when he was still represented by counsel. He claims that because the time following the submission of the letter should not have been excluded, the Speedy Trial clock expired on July 11, 2012.

The relevant statutory provision states that: "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment . . . ." 18 U.S.C. § 3161(c)(1). Again, certain time is excludable from this calculation, such as, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

When the District Court granted Villalobos's motion to represent himself, the Court stated that previously filed pro se motions were regarded as "nullities" until August 22, 2012, the date of that hearing. (App. 155.) However, the District Court later changed its position. It rejected Villalobos's motion to dismiss, in part, on the grounds that such pro se motions were properly regarded as filed when initially submitted to the Court, and thus served to exclude time while they were pending. Villalobos contests this ruling, arguing that the District Court did not regard his June 21, 2012 letter as a valid motion, as

5

he was represented at the time, and thus the letter did not serve to exclude time under the Speedy Trial Act.

Our precedent on point again disposes of this claim. In *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993), defense counsel sent a letter to the district court requesting a continuance of trial. The court responded that such a request had to be in the form of a written motion, and that, "[i]f you want me to consider your request for a continuance, please file the appropriate written motion." *Id.* However, when defendant later moved to dismiss for a violation of the Speedy Trial Act, the district court reasoned that the letter was nonetheless a motion and therefore the time following its submission was excludable. *Id.*

We agreed. "[R]egardless of how a court initially appears to treat an informal request for relief, that request can be considered a 'motion' for Speedy Trial Act purposes if it is the functional equivalent of a 'motion.'" *Id*. Because the letter in *Arbelaez* requested a continuance, and was treated as a motion by the parties, we held that it constituted a motion for Speedy Trial Act purposes, and served to exclude time while it was pending.

*Arbelaez* is controlling here. Just as in that case, the District Court here initially stated that it did not regard the pro se letter as a motion at the time it was filed, but later concluded that the Speedy Trial clock had been stopped by its filing. *Arbelaez* teaches that the District Court's precise designation of a party's submission is immaterial.

Rather, as it was functionally a motion requesting intervention and action by the Court, the June 21, 2012 letter stopped the Speedy Trial clock.[2]

Villalobos also contends that because hybrid representation is improper, any motions submitted pro se by a represented defendant cannot be regarded as motions under the Speedy Trial Act. We are in accord with our sister courts that have considered this issue, roundly rejecting such a contention.[3] *See, e.g., United States v. Williams*, 557 F.3d 943, 951-52 (8th Cir. 2009) (holding that "every motion filed by a defendant, whether or not it is frivolous and whether or not he is represented at the time of filing, tolls the speedy trial clock."); *United States v. Stephens*, 489 F.3d 647, 653 (5th Cir. 2007) (holding that *pro se* motion filed by represented defendant tolled speedy trial clock). For the reasons set forth above, we conclude that Villalobos's claim of post-indictment delay is groundless.

---

[2] Even assuming that on June 21, 2012, the letter could only toll the statutory clock for the 30 days allowed after a motion is under advisement, *Henderson v. United States*, 476 U.S. 321, 329 (1986), this would sufficiently extend the deadline to avoid a violation of the Speedy Trial Act.

[3] Villalobos advances the corresponding argument that the letter could not toll the statutory period because it was not actually considered by the District Court. In support he quotes, *United States v. Tinklenberg*, 131 S. Ct. 2007, 2014 (2011), as stating that the statute, "is best read to instruct measurement of the time actually consumed by consideration of the pretrial motion." However, this statement came in the context of the Supreme Court's rejection of the argument that motions constituted excludable delay only when they actually served to delay a trial. No court has held that this statement constitutes an independent statutory requirement, that motions constitute excludable time only when they are actively under consideration by a court, and we do not so hold in this case. *Cf. Bloate v. United States*, 559 U.S. 196, 206 (2010)("[D]elay resulting from pretrial motions is automatically excludable, *i.e.*, excludable without district court findings, *only* from the time a motion is filed through the hearing or disposition point . . . .")

c. Sixth Amendment Violation

Villalobos next claims that he was deprived of his right to a speedy trial under the Sixth Amendment. In considering a Sixth Amendment claim, "[s]ome of the factors that courts should weigh include length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Vermont v. Brillon*, 556 U.S. 81, 90 (2009). First, courts consider whether the extent of the delay is sufficient to even trigger an inquiry into the remaining factors. In *Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993), we held that a delay of fourteen months was sufficient to trigger an inquiry into the remaining Sixth Amendment factors. Accordingly, we will weigh the other factors here.

The reason for the delay in this case weighs against Villalobos. Four 60-day continuances were agreed upon by the Government and the defense for the purpose of continuing plea negotiations, accounting for 8 months, nearly half of the pretrial delay. *Brillon*, 556 U.S. at 94 ("delays caused by defense counsel are properly attributed to the defendant, even where counsel is assigned"). Villalobos himself also requested, or at the very least consented to, a one-month continuance on September 4, 2012, and a three-month continuance on October 4, 2012.[4] He also requested another three-month delay during the week before trial, but his motion was denied.

"In evaluating this factor, we subtract the amount of delay caused by the defendant from the delay caused by the Government." *United States v. Battis*, 589 F.3d 673, 680 (3d

_____

[4] *See* (App. 240) (Villalobos agreeing with the District Court that he "want[s] the case to be adjourned so [he] can prepare for trial."); (App. 287) (Villalobos stating: "I request a 90-day adjournment.")

8

Cir. 2009). Here, much of the pre-trial delay is attributable to Villalobos, either alone or jointly with the Government, and far less is the fault of the Government alone. We find this factor weighs against the defendant.

Third, concerning the assertion of his speedy trial right, Villalobos did raise this issue on multiple occasions in motion papers and in court. "Repeated assertions of the right do not, however, balance this factor in favor of a petitioner when other actions indicate that he is unwilling or unready to go to trial." *Hakeem*, 990 F.2d at 764. Even discounting the four proper pre-indictment continuances consented to by defense counsel and the Government, the three continuances requested or consented to by Villalobos pro se, two of which were granted, belie any claim that he sought to be tried sooner than he was. *See United States v. Frye*, 489 F.3d 201, 212 (5th Cir. 2007) ("It can hardly be said that . . . Frye's four motions for continuance, one of which was granted and the other three denied, represent a defendant aggressively asserting his desire to be tried promptly."). This factor also weighs against Villalobos.

The final factor, prejudice, does not tilt the equation in Villalobos's favor. Courts generally evaluate three types of prejudice that can result from an improperly delayed trial: oppressive pre-trial incarceration, anxiety and concern, and impairment of the defense. First, we have held that where a defendant is detained for fourteen and a half months pre-trial, "proof of sub-standard conditions or other oppressive factors beyond those that necessarily attend imprisonment" is necessary in order to establish prejudice due to oppressive pre-trial incarceration. *Hakeem*, 990 F.2d at 761. Detained for approximately sixteen and a half months prior to trial, similar to the length of detention in

9

*Hakeem*, Villalobos points to no sub-standard conditions of imprisonment that would render it oppressive. We therefore conclude that he has not established this type of prejudice.

The next type of prejudice, anxiety and concern, is somewhat closer. Villalobos claims that he suffered from an "emotional episode" on September 4, 2012, and supporting documentation from medical staff states that he presented multiple, superficial cuts on his arm on that date. He was placed on suicide watch and prescribed antidepressants. While such facts may generally cause this factor to weigh in defendant's favor, he admits that he failed to inform the District Court of this incident "even though appellant's Motion to Dismiss was not yet decided when this incident occurred." (Def. Br. 24.) This factor weighs in favor of Villalobos, but is given diminished weight, due to his failure to inform the District Court when it made its decision .

Finally, concerning impairment of a defense, such prejudice can either be shown in a particularized fashion, or presumed due to an extreme pre-trial delay. *See Doggett v. United States*, 505 U.S. 647, 655 (1992) (finding presumptive prejudice in pre-trial delay of more than eight years). We first conclude that a delay of sixteen and a half months is insufficient to presume prejudice in this context. *Hakeem*, 990 F.2d at 764. Further, Villalobos does not point to any particularized impairment of his defense resulting from the delay. His dissatisfaction with appointed counsel, Government tactics and Court procedure all fail to establish any direct harm to his defense resulting from pre-trial delay. Similarly, Villalobos fails to explain how the delay itself caused his alleged inability to

present certain witnesses such as his desired computer expert. Villalobos has not shown any impairment of his defense caused by pre-trial delay.

In sum, while the length of pre-trial delay is sufficient to trigger an inquiry into the relevant factors, that inquiry reveals that the vast majority of the delay was caused or acquiesced to by defendant, that defendant in fact sought more delay prior to trial, and that prejudice sufficient to establish a Sixth Amendment violation cannot be shown. We therefore find Villalobos's contention meritless on these grounds.

### d. Remaining Issues

In the last three pages of his brief, Villalobos appears to raise an additional *thirteen* claims on appeal, virtually all of which begin and end with one or two conclusory sentences.[5] As Villalobos has established that he is fully capable of complying with appellate procedure in his arguments pertaining to the timeliness of his trial, we will not excuse his attempt to have our Court investigate more than a dozen additional claims for him. Villalobos also requests for the first time in his reply brief that the Court review his attorneys' performance for ineffective assistance. We conclude that

---

[5] These issues are as follows: (1) District Court erred by denying request for a continuance, (2) prejudice resulting from unavailability of Villalobos's computer expert, (3) prejudice in "refusing court authority to allow" Villalobos to "procure" psychological expert, (4) District Court erred in admitting evidence created by "Roundup" program, (5) prejudice in Villalobos being prevented from recalling two government witnesses, (6) prejudice regarding improper chain of custody and foundation for evidence, (7) prejudice from witnesses and prosecution describing images and videos as "child pornography" and "contraband," (8) District Court erred by allowing explicit content to be admitted into evidence, (9) prejudicial to allow prosecutor to approach jury while Villalobos had to remain behind counsel's table, (10) "the court also arbitrarily limited appellant's objections and demanded appellant not object to his rulings," (11) bias and prejudice of trial judge, (12) appeal of denial of motion for return of personal property, (13) sentence substantively unreasonable and tainted by prejudice. (Appellant's Br. at 28-30.)

those claims that Villalobos has not properly raised in his opening brief are deemed waived.[6] *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (internal quotations omitted); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) ("Rule 28 of the Federal Rules of Appellate Procedure so requires – a brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority . . . . Rule 28 applies equally to pro se litigants, and when a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research.").

The only one of the thirteen claims that might be said to be properly raised is Villalobos's argument that the District Court erred in denying his last request for a continuance. The trial court's decision to deny a continuance is reviewed for abuse of discretion. "[D]enying a request for a continuance constitutes an abuse of discretion only when it is so arbitrary as to violate due process." *United States v. Irizarry*, 341 F.3d 273, 305 (3d Cir. 2003) (quoting *United States v. Kikumura,* 947 F.2d 72,78 (3d Cir.1991)). Villalobos contends that the denial of his last-minute continuance caused him to be unprepared for trial, such that "the result would have been different had he been granted his request for a continuance . . . ." (Def. Br. 28.) Villalobos does not explain how or

---

[6] In his reply brief, Villalobos attempts to buttress a few of the multitude of conclusory claims made at the end of his opening brief. However, such arguments, related to the unreasonableness of his sentence and bias of the district court, remain waived as they "came one brief too late." *Ghana v. Holland*, 226 F.3d 175, 180 (3d Cir. 2000).

why the result of his trial would have been different.  Further, we find no violation of due process in the District Court's denial of the motion, given that it had already postponed the trial, with the consent of Villalobos, for four months.

III.

We will accordingly affirm the Judgment of the District Court.